# Hering *versus* Chambers.

1. A purchaser at sheriff's sale under a judgment obtained on a sci. fa. sur municipal claim, is not bound to show that the Acts of Assembly, relating to such proceeding, have been strictly complied with. He is protected by the judgment.

2. Where a court, having jurisdiction of a proceeding in rem enters judgment, and the property is sold at sheriff's sale under an execution thereon, the purchaser will take a good title, notwithstanding the fact that the observance of all the statutory prerequisites to such judgment does not appear affirmatively of record.

3. Although, in such case, the record affirmatively shows that a writ of sci. fa. sur municipal claim was not served as directed by law, yet after judgment upon the sci. fa. and a sheriff's sale of the property thereunder, it is too late to inquire, in a collateral proceeding between the original owner and the parties in possession, claiming under the sheriff's sale, into the sufficiency of the service or the validity of the judgment.

4. Where the return to a writ of sci. fa sur municipal claim, issued in 1864, failed to show that the posting was on a " conspicuous " part of the premises, and where it appeared from said return that notice of the writ was not published " twice a week for two weeks before the return day," as required by the statute, and the premises were sold at sheriff's sale under a judgment and execution on said sci fa.

*Held*, notwithstanding, that a good title vested in the purchaser.

5. Delaney *v*. Gault, 6 Casey 63, followed.

March 30th 1883. Before MERCUR, C. J., GORDON, TRUNKEY, GREEN and CLARK, JJ. PAXSON and STERRETT, JJ., absent.

ERROR to the Court of Common Pleas No. 4, of *Philadelphia county :* Of January Term 1883, No. 301.

Ejectment, by William H. Hering and Louisa H. Hering, in right of said Louisa, against A. Reeder Chambers, to recover certain premises in the city of Philadelphia in the possession of the defendant.

The following facts were agreed upon as a case stated :—The title to the premises in dispute vested by deed dated October, 15th 1853, in Henry W. Gault, who died in April 1869, having by his will devised all his estate to his widow, Louisa H., who, with her present husband, William H. Hering, are the plaintiffs in this action. On October 6th 1863, a municipal claim was filed against the said premises by the city of Philadelphia to the use of A. J. Lechler, upon which a sci. fa. issued May 9th 1864, against Henry W. Gault, returnable the first Monday of June 1864.

[Hering v. Chambers.]

The return of the sci. fa. was as follows:

"Made known by posting a true and attested copy of the within writ on the premises, herein described, June 4th 1864, and by advertising the same twice a week for two weeks, in the daily Evening Bulletin, a daily paper published in this city, and ~~an abstract in the Legal Intelligencer~~, agreeably to the Act of Assembly in such case made and provided, ~~and nihil habet as to the defendant.~~"

Judgment for want of an affidavit of defence was obtained on the sci. fa. on June 25th 1864, and on October 3d 1864, the premises were sold under a lev. fa. issued on said judgment, to Mary J. Smith, through whom the defendant claims.

The court (ELCOCK, J.) filed the following opinion and judgment:

"The plaintiff is the widow of Henry W. Gault, who died in 1869, and by his will devised all his estate to her in fee. In his life-time he was seized in fee of the premises, the subject of this ejectment. The defendant claims title through a series of conveyances running back to a sheriff's sale under proceedings upon a municipal claim for paving the highway in front of said property, and against the owner, then Gault.

"It is claimed now that the judgment in that proceeding was improper and unlawful on account of a defective service of the sci. fa. sur said claim, similar to that since determined to be bad in Wister v. The City, 5 Norris 215; O'Byrne v. The City, 12 Norris 226; Simons v. Kern, 11 Norris 456. The point would be well taken if the application was made upon behalf of the defendants in the judgment, and before title vested in the sheriff's vendee, but it has been well settled in Delaney v. Gault, 6 Casey 63; Cadmus v. Jackson, 2 P. F. Smith 295; Soullier v. Kern, 19 P. F. Smith 16; Emrick v. Dickson, 11 Norris 78, that a purchaser without notice at such sale is not bound to show that the Act of Assembly has been complied with. He is protected by the judgment. That being against Gault in his life-time we therefore see no ground upon which to sustain plaintiff's claim.

"Judgment for the defendant upon the case stated."

The plaintiffs thereupon took this writ of error, assigning for error the entry of the judgment as above.

*David C. Harrington*, for plaintiffs in error.—The sci. fa. was returnable first Monday of June 1864, which was June 6th. The sheriff's return shows that he posted and published the writ on June 4th 1864, which was only two days before the return day, and not two weeks, as required by the statute: Act of March 11th 1846, Purd. Dig. 1089, pl. 25. Such a return was held bad in Wister v. The City, 5 Norris, 215;

OByrne *v.* The City, 12 Norris 226; Simons *v.* Kern, 11 Norris, 456. Unless it appear affirmatively on the record, that such service as is required by the statute was made, the court has no jurisdiction : Roberts *v.* Orr, 6 P. F. Sm. 176. The Act of 23d January 1849 (Purd. Dig. 1090, pl. 30) requires that notice of the claim shall be given for three months in two newspapers of the county before suit brought thereon. The record fails to disclose that such notice was given. By reason of there being no service and no publication the court did not acquire jurisdiction, and the entry of judgment, and subsequent sheriff's sale were without authority of law, and no title passed at the sheriff's sale. As the court had no jurisdiction, the judgment was not merely voidable but absolutely void, and we are entitled to show this at any stage in the proceedings: O'Byrne *v.* The City, supra; Simons *v.* Kern, supra; Morrison *v.* Mullin, 10 Casey 12; Salter *v.* Reed, 3 Harris 260; Reel *v.* Elder, 12 P. F. S. 308; Commonwealth *v.* Green 4 Whart. 568; Thompson *v.* Stitt, 6 P. F. S. 156.

*J. Cooke Longstreth* and *Henry S. Cattell*, for the defendant in error.—It has been frequently decided that, after a judgment upon the scire facias and a sale to the sheriff's vendee, it is too late to inquire into any irregularity of the sheriff's return to the writ, in a collateral proceeding. A purchaser at sheriff's sale is not bound to show that the Acts of Assembly have been strictly complied with. He buys under the judgment of a court of competent jurisdiction, and that judgment includes within itself a presumption that all formal prerequisites have been complied with. In this case it is asked that nineteen years after a judgment and sheriff's sale, said judgment and sale shall be declared illegal and void, not as against an original party to the suit, but as against the holder, under a sheriff's sale, after three intermediate conveyances between the original sheriff's vendee and the present holder, because of a supposed irregularity in the sheriff's return to the writ. That the law will not permit this is well settled in Delaney *v.* Gault, 6 Casey 63; Cadmus *v.* Jackson, 2 P. F. Smith 295; Soullier *v.* Kern, 19 P. F. Smith 16; Emrick *v.* Dickson, 11 Norris 78; White *v.* Ballantine, 15 Norris 186.

Mr Justice TRUNKEY delivered the opinion of the court, April 16th 1883.

On October 6th 1863, a municipal claim for paving was filed in the prothonotary's office of the court of common pleas, against the lot in controversy. That court had jurisdiction of the subject and the proceedings were *in rem*. Scire facias was duly issued, and the sheriff returned,—" Made known by posting a true and attested copy of the within writ on the premises

herein described, June 4th 1864, and by advertising the same twice a week for two weeks in the daily Evening Bulletin, a daily paper published in this city;" which return was entered of record. Judgment was signed in default of an affidavit of defence, execution issued whereon the sheriff sold the premises, and on October 22d 1864, executed a deed to the purchaser. The sole question is whether the judgment was void; for if void, the purchaser acquired no title, if voidable only, his title is as good as if the judgment were unassailable.

Where the existence of any jurisdictional fact is not affirmed upon the record in a court of superior jurisdiction, it will be presumed upon a collateral attack that the court acted correctly and with due authority, and its judgment will be as valid as though every fact necessary to jurisdiction affirmatively appeared. But no presumptions in support of a judgment are allowed in opposition to any statement made in the record. If it appear that process was served in a particular mode, no other and different service can be presumed, for such presumption would contradict the record, which imports verity. When, therefore, the record shows that certain steps were taken to procure jurisdiction, and those steps are insufficient, the judgment is void for want of jurisdiction over the defendant or subject: Freeman on Judgments, §§ 124, 125.

The Act of January 23d 1849, P. L. 686, provided that in all cases of municipal claims, filed in the prothonotary's office, "before any sale shall be had thereon, notice of three months shall be given in two of the daily newspapers of Philadelphia, once a week, before any suit shall be commenced for the recovery of the same." It was not made an essential to recovery, that the fact of such publication should be entered of record in the cause, and as the record contains no statement respecting it, the presumption is that the court acted correctly and after the publication had been made.

The Act of March 11th 1846, P. L. 115, directs that the scire facias on a municipal claim in Philadelphia shall be served "by posting a true and attested copy of the writ on a conspicuous part of the premises therein described, and by publishing a brief notice thereof in a daily newspaper in said county twice a week, for two weeks before the return day." This scire facias was returnable on the first Monday in June, 1864, which was the 6th day of the month. The record shows that the writ was not served as directed by law, and the judgment would have been reversed on writ of error: Wister *v.* City of Philadelphia, 86 Pa. St. 215; O'Byrne *v.* Same, 93 Id. 225. But was due notice of the writ so essential that the judgment was void? This is answered by a case decided in 1858, directly upon the very point: Delaney *v.* Gault, 30 Pa. St. 63. There

the record showed the same service as here, with precisely the same defects or omissions, and the judgment was held valid After observing that the jurisdiction of the court attached upon the filing of the claim, this court said : " After judgment upon the scire facias it is too late to inquire in any collateral proceeding, into the sufficiency of the sheriff's return of service of the writ, or whether service has been properly made, if it be returned. . . A purchaser at sheriff's sale under a judgment obtained in a scire facias on a municipal claim, is no tbound to show that the Acts of Assembly have been strictly complied with. In regard to all that he is protected by the judgment. . . He buys under the judgment of a court of competent jurisdiction, a judgment which includes within itself an adjudication that all formal prerequisites have been complied with." That decision has remained unshaken, and has been authority for the belief by all interested persons, that a sheriff's sale and deed under a judgment upon a municipal claim, vested good title in the purchaser, although the record showed that the scire facias had not been served as directed by the statute. To overrule it, without doubt, would destroy many titles heretofore supposed to be perfect by purchasers. We are not convinced that this should be done.

Under the statutes as they existed in 1864, it was unnecessary to name the owner in the claim, or process. Costs were made, often without reason, to the oppression of owners of lots, who, in some instances, would learn of the proceedings in time to prevent a sale, and in other instances owners were despoiled of their property for want of knowledge. For remedy of grievances the Acts of March 23d 1866 (P. L. 303), and of March 29th 1867 (P. L. 600), were enacted, and since, no property returned and registered, shall be subject to sale for municipal claims, "except in the name of the owner as returned, and after recovery by suit and service of the writ as in the case of a summons:" Simons *v.* Kern, 92 Pa. St. 455. In that case Justice STERRETT referred to the distinction between irregularities in the conduct of a suit, which do not strike at the foundation of authority for a sheriff's sale, and the absence of authority either to enter judgment or to issue a writ to sell the property. But the legislature has not prohibited sale in all cases where the owner of the property is not named in the proceedings, and where the scire facias has not been served in the same manner as the service of a summons. If the owner neglect to make return to the proper office for registry, he still risks the sale of his property upon a municipal claim, without notice to himself and without the name of the owner in the record. Where the record shows a defective service, a judgment by default may be reversed, but

[Smith *v.* Nat. Life Ins. Co.]

not declared void, in a collateral proceeding. This case is not controlled by the statutory prohibition of the sale of the property of a minor, or of the issue of legal process against a soldier, or of the sale of the property of a registered owner without naming him in the suit and service of the writ as provided for the service of a summons; and decisions relating to such statutes have little, if any, application.

Judgment affirmed.