# Fahey v. Beggs, Appellant.

*Ejectment—Judgment—Collateral attack—Record—Lost record —Docket entries—Presumption of validity—Scire facias—Alias sci. fa.—Returns of nihil—Jurisdiction—Appeal.*

1. Where the existence of any jurisdictional fact is not affirmed upon the record in a court of superior jurisdiction, it will be presumed upon a collateral attack that the court acted correctly and with due authority, and its judgment will be as valid as though every fact necessary to jurisdiction affirmatively appeared.

2. Where, in an ejectment, plaintiff relies on a sheriff's sale under a scire facias issued on a tax lien, and it appears that the records of the sci. fa., the alias sci. fa., and the judgment thereon were lost, and the docket entries show a return of nihil on the sci. fa., and a return of only one nihil on the alias sci. fa., it will be presumed, in a collateral proceeding, that the court in entering the judgment had a proper record before it to give it jurisdiction on two returns of nihil to the alias sci. fa.

Argued October 20, 1919.   Appeal, No. 124, Oct. T., 1919, by defendant, from judgment of C. P. Allegheny Co., April T., 1917, No. 1103, on verdict for plaintiff in case of John H. Fahey v. Clark D. Beggs.   Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and KEPHART, JJ.   Affirmed.

Ejectment for land in the Sixth Ward of the City of Pittsburgh.   Before EVANS, J.

The jury returned a verdict for plaintiff.

On a motion by defendant for judgment n. o. v., EVANS, J., filed the following opinion:

This is an action of ejectment.   The plaintiff claims title under a sheriff's deed made in pursuance of a sheriff's sale on an execution issued on a judgment in favor of the City of Pittsburgh to recover on a scire facias issued on a delinquent tax lien.   The lien was filed

against Mary A. Smith, owner or reputed owner, and Francis Murphy, registered owner, and there is no question in this case that the act of assembly was complied with in the filing of the lien. The plaintiff offered in evidence the record of the judgment by virtue of which the sheriff sold the property, and the record of a scire facias sur the municipal lien, and an alias scire facias on the same. The record of the scire facias and the alias scire facias and the judgment thereon cannot be found, and we have only the docket entries as evidence of the regularity of the proceedings, and those docket entries are as follows:

"Sci. fa. to first Monday of January, 1898. Dec. 30, 1897, posted premises and nihil as to defendants. Dec. 16, 1899, alias sci. fa. to first Monday of February, 1900. Nihil."

If the above was the actual return of the sheriff as shown by the record which we have not been able to find, then unquestionably, under the authority of Ferguson v. Quinn, 123 Pa. 337, the service in this case as shown by the record is defective and the judgment entered thereon void; but this does not purport to be the return of the sheriff; it is the entry of the clerk on his docket as to the substance of the sheriff's return, and that those docket entries are evidence of title has been decided and it is not necessary to discuss that question here. The simple question in this case is, judgment having been issued on the record and the actual return of the sheriff being lost and mislaid, have we a right to assume that the return of the sheriff on the alias scire facias showed a regular proceeding under the statute. Undoubtedly the service which it was intended to make in this case was service by two nihils, and that was the service which it was attempted to make in Ferguson v. Quinn, supra. But in that case the actual return to the alias scire facias was offered in evidence, and that showed that the property had not been posted by the sheriff on the alias

scire facias, nor had any attempt been made to find the defendant.

In the case of Hering v. Chambers, 103 Pa. 172, in a similar case to this, the Supreme Court in its opinion said:

"Where the existence of any jurisdictional fact is not affirmed upon the record in a court of superior jurisdiction, it will be presumed upon a collateral attack that the court acted correctly and with due authority, and its judgment will be as valid as though every fact necessary to jurisdiction affirmatively appeared. But no presumptions in support of a judgment are allowed in opposition to any statement made in the record. If it appear that the process was served in a particular mode, no other and different service can be presumed, for such presumption would contradict the record, which imports verity."

In the many cases cited by counsel for the defendant we find none which in any degree questions the correctness of the above statement. The case of Wistar v. City of Philadelphia, 86 Pa. 215, was not an attack of the judgment in a collateral proceeding but was a direct attack of the judgment by the defendant in that judgment, and the case is distinguished from the case of Delaney v. Gault, 30 Pa. 63, upon the authority of which the case of Hering v. Chambers was decided. The case of Simpson v. Meyer, 197 Pa. 522, was not a sale on a judgment but was a sale by a county treasurer.

We have then, in this case, docket entries which show that a scire facias was issued, the premises posted and the defendant not found, and that an alias scire facias was issued and that some return of nihil was made to that writ. In the absence of the exact return of the sheriff there is nothing in this record which shows that he did not make a proper service in both the writs of scire facias. The defendant offered no testimony and the case rests entirely, so far as the regularity of the proceedings is concerned, on the entry of the judgment on the record

as above set forth.   We take it that Hering v. Chambers, supra, rules this case and we may assume that the court in entering the judgment on the two returns of nihil had a proper record before it to give it jurisdiction.

And now, July 22, 1919, motions ex parte defendant for judgment non obstante veredicto and for new trial are refused.

Defendant appealed.

*Error assigned* was refusal of motion for defendant n. o. v.

*Clark D. Beggs,* p. p., for appellant.

*John E. Laughlin,* for appellee.

PER CURIAM, January 5, 1920:
This appeal is dismissed on the opinion of the learned court below refusing defendant's motions for a new trial and for judgment non obstante veredicto.

Judgment affirmed.