## Commonwealth ex rel. McClenachan, *v.* Reading, Appellant.

## Commonwealth ex rel. McClenachan, Appellant, *v.* Tillman.

Argued May 22, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*C. William Kraft, Jr.,* with him *R. Paul Lessy,* for appellant, No. 227.

*Allen S. Olmsted, 2nd,* with him *Guy W. Davis,* for appellant, No. 230.

*Guy W. Davis,* with him *Allen S. Olmsted, 2nd,* for appellee, No. 227.

*C. William Kraft, Jr.,* and *William A. Burns,* for appellee, No. 230.

OPINION BY MR. JUSTICE DREW, June 19, 1939:

The relator, the District Attorney of Delaware County, instituted these quo warranto proceedings seeking judgments of ouster against the defendants, Harry Tillman and Albert Reading, on the ground that they each hold the office of deputy sheriff contrary to law. The suggestions for the writs averred that both defendants were found guilty in the United States District Court for the Eastern District of Pennsylvania on November 27, 1933, of the crime of conspiracy to violate the National Prohibition Act (October 28, 1919, c. 85, 41 Stat. 305) and that they are therefore not qualified to hold the office of deputy sheriff by virtue of the provisions of the Act of June 4, 1937, P. L. 1595, which provides that the sheriff may not appoint any person as a deputy sheriff unless an affidavit is filed setting forth, inter alia, that the latter has never been convicted of a crime involving moral turpitude. It is admitted that affidavits were filed stating that neither defendant had been convicted of any crime.

In addition to these allegations the suggestion in the Tillman case further set forth that in that case an appeal was taken to the United States Circuit Court of Appeals for the Third Circuit which reversed the judgment of sentence against Tillman and remanded the case to the District Court with direction to vacate that part of its judgment which sentenced the defendant, to dismiss the indictment, and to discharge him. The District Court thereupon entered an order conforming to these directions.

In the Reading case the suggestion averred that no appeal was taken from the judgment of sentence, but that subsequently, on December 22, 1937, the District Court entered an order nunc pro tunc dismissing the indictment and discharging the defendant without day. The answers to both suggestions admitted the allegations of fact set forth, but averred, inter alia, that the orders entered dismissing the indictments and discharg-

ing the defendants constituted a legal defense to the demands for ouster. To these answers demurrers were filed by the relator.

The court below held that the Act of 1937, supra, was not applicable since it contained no provision for forfeiture of the office. The court decided, however, that the admitted facts brought the cases within the provisions of Article II, section 7, of the State Constitution which provides that no person convicted of an infamous crime shall be capable of holding any office of trust or profit in this Commonwealth. The court concluded that Tillman had not been convicted of an infamous crime and set aside the writ of quo warranto as to him, but held that Reading had been convicted and was therefore disqualified from holding the office of deputy sheriff. Thereupon the relator appealed from the order dismissing the writ as to Tillman, and Reading appealed from the order against him.

Whether the crime of conspiring to violate the Prohibition Act is an infamous one and whether the court below was correct in proceeding under Article II, section 7, of the Constitution rather than under the Act of 1937, supra, need not be discussed, for on the basis of the present record it is apparent that neither of these men was lawfully convicted of the crime charged, and hence they cannot be ousted from office under either the Constitution or the above statute.

As used in Article II, section 7, of the Constitution and in the Act of 1937 the word "convicted" can mean only a final judgment of sentence and not merely a verdict of guilty rendered by a jury. This meaning of the word "convicted" has been repeatedly applied by this court. In the early case of *Smith v. Commonwealth*, 14 S. & R. 68, 70, it was said: "When the law speaks of *conviction*, it means a *judgment*, and not merely a *verdict*, which, in common parlance, is called a conviction." In *Shields v. Westmoreland County*, 253 Pa. 271, where this court was called upon to construe the

identical section of the Constitution here in question, we said that the return of guilty by the jury was not a conviction in the legal sense of the term, but that a final judgment on the verdict was necessary. In interpreting a statute using the word "conviction" the court has held that the strict legal meaning must be applied except where the intention of the legislature is obviously to the contrary: *Commonwealth v. Minnich*, 250 Pa. 363.

It is true that the popular rather than the legal meaning has in certain instances been adopted, but as pointed out in *Commonwealth v. McDermott (No. 2)*, 224 Pa. 363, 365, this meaning has been applied "when rights other than those of the one who has been found guilty have been before the courts." Thus where the question before the court was the liability of the county to pay costs of a trial after there had been a verdict of guilty, the popular meaning of conviction was adopted: *York County v. Dalhousen*, 45 Pa. 372. In *Wilmoth v. Hensel*, 151 Pa. 200, where the plaintiff claimed a reward which had been offered for the "prosecution and conviction" of certain persons, we held that the offer of the reward contemplated only a verdict of guilty. It is apparent that these decisions cannot be applied in this case. Here the rights of those alleged to have committed the crimes are before the court and in neither the provisions of the Constitution nor the statute involved in this case is there any indication that the popular rather than the legal meaning of "convicted" is to be applied. Until they have been convicted as evidenced by a final judgment they cannot be deprived of the right to hold the offices to which they were appointed.

As to Tillman the reversal of the verdict and judgment of guilty and the dismissal of the indictment conclusively establish the fact that he was never legally convicted of the crime alleged. Hence the court below properly held that he could not be ousted from office.

In the Reading case, although no appeal was taken, the record shows the existence of an order of the United

States District Court vacating the judgment and sentence imposed, dismissing the indictment, and discharging him. In the suggestion for the writ of quo warranto no attack was made by the relator upon the legality of this order, but the court below held that it was null and void since it was entered after the term of court at which the judgment of conviction had been entered.

We cannot agree that the court below had any power to impeach the validity of the order of the District Court. A judgment or decree entered by a court of general jurisdiction is presumed to be valid and the burden is on a party collaterally attacking it to establish its invalidity: *Fahey v. Beggs,* 266 Pa. 151; *Applegate v. Lexington & Carter County Mining Co.,* 117 U. S. 255. Even though the record fails to affirm the existence of a jurisdictional fact this court has held that "it will be presumed upon a collateral attack that the court acted correctly and with due authority, and its judgment will be as valid as though every fact necessary to jurisdiction affirmatively appeared": *Hering v. Chambers,* 103 Pa. 172, 175. In *Nelson v. Meehan,* 155 Fed. 1, the presumption as to the validity of a judgment was applied to a situation similar to the one here in question. In that case an order was entered by a United States District Court vacating a decree over a year after the original decree had been entered. Thereafter the validity of the order was challenged on the ground that it had been made after the expiration of the term at which the original decree had been rendered. The Ninth Circuit Court of Appeals held that the order was valid since there was no showing in the record "that the motion to set aside the decree and the action of the court vacating the same . . . were had at a term subsequent to the special term whereat the cause was heard . . .." Similarly in *Fowler v. Equitable Trust Co.,* 141 U. S. 384, the plaintiff attacked the validity of an order granting a rehearing entered almost one year after the rendition of the original decree. On appeal it was argued

that the subsequent order was invalid since it was rendered at a different term of court, but the Supreme Court of the United States held that it would presume, in the absence of an affirmative showing to the contrary, that the facts existed which justified the court's action in entering the order.

In the instant case there is no allegation or proof that the court had no power to enter the order vacating the judgment against Reading. The pleadings do not aver that there are term times in the District Court or that the term at which the original judgment was entered had expired when the subsequent order was made. Thus there is nothing in the record to overcome the presumption of validity of the order vacating the judgment. Under the authority of the above decisions we must, therefore, assume that the court proceeded within the general scope of its powers and that its order vacating the judgment was given with authority. Since the judgment was vacated it is of no effect, and the situation is the same as if no judgment had ever been entered: *Ætna Life Insurance Co. v. Board of Commissioners*, 79 Fed. 575; *Schendel v. McGee*, 300 Fed. 273. Hence Reading does not stand legally convicted of the crime charged and he is, therefore, not disqualified from holding any office in the Commonwealth.

For the foregoing reasons the order of the court below dismissing the writ of quo warranto as to Tillman is affirmed, and the order sustaining the writ of quo warranto as to Reading is reversed and the writ dismissed.