UNITED STATES of America

v.

William J. JEFFERSON, a/k/a Buddy Jefferson, William Jefferson, Appellant.

No. 95–7661.

United States Court of Appeals, Third Circuit.

Argued June 12, 1996.

Decided July 3, 1996.

James V. Wade, Federal Public Defender, Harrisburg, PA, Gino A. Bartolai, Jr. (argued), Assistant Federal Public Defender, Scranton, PA, for Appellant.

David M. Barasch, United States Attorney, Sally A. Lied, Theodore B. Smith, III (argued), Assistant United States Attorney, Harrisburg, PA, for Appellee.

Before: STAPLETON, GREENBERG, and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

Defendant William Jefferson pled guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The district court, holding that he had the requisite three "previous convictions," each for "a serious drug offense," sentenced Jefferson to a mandatory 15–year imprisonment term pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e), which provides that a person who violates 18 U.S.C. § 922(g) and has three previous convictions for a violent felony or a serious drug offense shall be imprisoned for not less than 15 years. The question on appeal is whether Jefferson was subject to that provision, when, for two of his three previous offenses, guilty pleas had been entered but sentences had not yet been imposed at the time of commission of the weapons possession offense. For the reasons set forth below, we will affirm the judgment of the district court.

The district court had subject matter jurisdiction over this criminal prosecution pursuant to 18 U.S.C. § 3231 and we have jurisdiction pursuant to 18 U.S.C. § 3742(a). Inasmuch as this appeal raises only legal questions, we exercise plenary review. *United ed States v. Preston,* 910 F.2d 81 (3d .Cir. 1990), *cert. denied,* 498 U.S. 1103, 111 S.Ct. 1002, 112 L.Ed.2d 1085 (1991).

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Following his arrest on February 5, 1994, Jefferson, on April 26, 1994, pled guilty to a charge of possession on the day of his arrest of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). As of the date of his arrest, Jefferson's history of "serious drug offenses" consisted of the following:

1. On March 14, 1988, Jefferson pled guilty in the Dauphin County, Pennsylvania, Court of Common Pleas to possession with intent to deliver cocaine. He was sentenced to 18 months to four years in a state correctional institution on May 18, 1988, for this offense.

2. On June 28, 1993, Jefferson pled guilty in the Superior Court of New Jersey, Hudson County, to possession with intent to distribute cocaine. He was sentenced on this charge on April 11, 1994, two months after he committed the weapons possession offense.

3. On January 12, 1994, Jefferson pled guilty in the Dauphin County, Pennsylvania, Court of Common Pleas to possession with intent to deliver cocaine. Sentencing on this charge was on May 10, 1994, three months after he committed the weapons possession offense.

At the sentencing hearing the district court held that both the June 28, 1993 New Jersey guilty plea and the January 12, 1994 Pennsylvania guilty plea qualified as previous convictions according to the law of those states, notwithstanding the fact that sentence was not imposed for either until after the commission of the weapons possession offense. Accordingly, the court held that under the Armed Career Criminal Act, 18 U.S.C. § 924(e), Jefferson was subject to a mandatory 15–year term of imprisonment. Jefferson appeals, asserting that the district court erred in counting as previous convictions the two guilty pleas for offenses on which the state courts had not imposed sentence as of the date of his weapons possession offense.

## II. DISCUSSION

### A. Choice of Law

The government argues that any inquiry into the definition of "conviction" in the con-

text of sentence enhancement under the laws of Pennsylvania and New Jersey is unnecessary because federal law, which in some circumstances equates a guilty plea with a conviction, *Dickerson v. New Banner Institute, Inc.,* 460 U.S. 103, 112–13, 103 S.Ct. 986, 992, 74 L.Ed.2d 845 (1983), should control whether Jefferson's guilty pleas constitute convictions. The government asserts that, with regard to a "serious drug offense," there is no plain indication of congressional intent to make the application of the Armed Career Criminal Act dependent upon state law. The Armed Career Criminal Act is found in Chapter 44 of Title 18 of the United States Code, which covers federal crimes involving firearms. The reference to the meaning of "conviction" in the chapter is in 18 U.S.C. § 921(a)(20), which defines "crime punishable by imprisonment for a term exceeding one year" and indicates that "[w]hat constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held."

Inasmuch as the term "violent felony," which includes "crime punishable by imprisonment for a term exceeding one year" in its definition, 18 U.S.C. § 924(e)(2)(B), is used in the alternative to a "serious drug offense" as a basis for sentence enhancement, it is clear that state law will be applicable in some cases under the Armed Career Criminal Act to determine if the defendant has applicable previous convictions. On the other hand, the definition of "serious drug offense" in 18 U.S.C. § 924(e)(2)(A) does not incorporate the term "crime punishable by imprisonment for a term exceeding one year." Therefore, the government concludes, the directive of section 921(a)(20) that the law of the jurisdiction in which proceedings were held controls what constitutes a conviction does not apply to serious drug offenses under 18 U.S.C. § 924(e)(1).

The Supreme Court, however, has not read section 921(a)(20) so narrowly. In determining the definition of "convicted" in section 922(g), the chapter's provision making possession of a firearm by a convicted felon unlawful, the Court held:

Throughout the statutory scheme, the inquiry is: Does the person have a qualifying conviction on his record? ... The choice-of-law clause [of section 921(a)(20)] defines the rule for determining '[w]hat constitutes a conviction.' ... By the terms of the choice-of-law clause, this determination is governed by the law of the convicting jurisdiction.

*Beecham v. United States,* 511 U.S. 368, ——, 114 S.Ct. 1669, 1671, 128 L.Ed.2d 383 (1994). As section 924(e) provides for enhanced sentencing for violators of section 922(g), we believe that it is a part of the "statutory scheme" to which the Court has construed section 921(a)(20) to apply.

■ The government nevertheless insists that its reading of the statute is correct, and points to *Custis v. United States,* 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), to support its argument. The government contends that the Supreme Court's comment in that case, that "[a]t least for prior violent felonies, § 921(a)(20) describes the circumstances in which a prior conviction may be counted for sentencing purposes under § 924(e)," *Custis,* 511 U.S. at ——, 114 S.Ct. at 1736, impliedly recognizes that section 921(a)(20) does not apply to "serious drug offenses." We conclude, however, that the interpretation set forth in *Beecham*—that the statutory scheme is a coherent whole governed by the choice-of-law clause of section 921(a)(20)—is not contradicted by *Custis,* which actually does not distinguish between "prior violent felonies" and "serious drug offenses." Thus, *Custis* simply does not address the issue at hand. For the purpose of enhanced sentencing under the Armed Career Criminal Act, we therefore hold that the choice-of-law clause of section 921(a)(20) requires that the law of the jurisdiction in which the prior proceeding was held determine whether an offense constitutes a "previous conviction."

In accordance with section 921(a)(20), then, the laws of Pennsylvania and New Jersey, as the jurisdictions, respectively, of the January 12, 1994 and June 28, 1993 proceedings, determine whether the guilty pleas entered in those proceedings are previous convictions for the purpose of sentence enhancement

under section 924(e). We turn now to an examination of those laws.

## B. Pennsylvania

Under Pennsylvania law, conviction usually has a "strict legal meaning" of verdict accompanied by sentence, and "[i]n interpreting a statute using the word 'conviction' the court has held that the strict legal meaning must be applied except where the intention of the legislature is obviously to the contrary." *Commonwealth v. Travaglia*, 502 Pa. 474, 467 A.2d 288, 299 (1983) (quoting *Commonwealth ex. rel. McClenachan v. Reading*, 336 Pa. 165, 6 A.2d 776, 778 (1939)). Jefferson insists that the Pennsylvania legislature has not expressed a contrary intent and thus Pennsylvania law requires his guilty plea to be accompanied by a sentence before it can be considered a conviction for the purpose of enhanced sentencing.

The Pennsylvania legislature, however, has expressed a contrary intent in the context of enhanced sentencing provisions. In 1986, Pennsylvania's rule for the drafting of sentence guidelines, 42 Pa. Cons.Stat. Ann. § 2154 (Supp.1995), was rewritten to include in its mandate of "sentences of increased severity for defendants previously convicted," the following clause:

> For purposes of this section 'previously convicted or adjudicated delinquent' shall include any finding of guilt or adjudication of delinquency whether or not sentence has been imposed or disposition ordered prior to the commission of the current offense.

42 Pa. Cons.Stat. Ann. § 2154(a)(2). In applying this definition to a Pennsylvania sentence enhancement statute, the Pennsylvania Superior Court stated:

> [I]t becomes clear that in order for a prior conviction to apply to the prior record score, 1) the person must have been previously convicted; 2) for a crime committed before the current offense; 3) whether or not sentence has been imposed on the prior offense.... The legislative intent is clear: to provide for an enhancement of punishment for those persons who stand convicted but who await sentence and to serve as a deterrent for those persons,

particularly when over-crowded jails increasingly require persons to be released pending sentencing. The amendment eliminates the grace period between conviction and sentencing.

*Commonwealth v. Eyster*, 401 Pa.Super. 477, 585 A.2d 1027, 1031 (1991) (en banc).

More recently, the Pennsylvania Supreme Court has interpreted 42 Pa. Con. Stat. Ann. § 2154(a)(2) to require that the prior conviction must occur before the *commission* of the subsequent offense, and not merely before the sentencing for that later offense. *Commonwealth v. Dickerson*, 533 Pa. 294, 621 A.2d 990, 993 (1993). In explaining its interpretation of the statute, the *Dickerson* court cited *Eyster* with approval. *Id.* 621 A.2d at 992. Further, in a later case involving enhanced sentencing, the Pennsylvania Supreme Court noted, without further comment on the issue, that the defendant "had been convicted, by guilty plea" on the date that he pleaded guilty even though the court sentenced him on a later date. *Commonwealth v. Williams*, 539 Pa. 249, 652 A.2d 283, 286 (1994).

The law of Pennsylvania on this issue, then, appears settled: an adjudication of guilt, even though unaccompanied by sentencing, is a conviction for the purpose of enhanced sentencing so long as the adjudication was made before the commission of the current offense. As Jefferson's January 12, 1994 guilty plea preceded the date of the commission of the weapons possession offense, February 5, 1994, the district court properly considered the Pennsylvania conviction to be a previous conviction for the purpose of enhanced sentencing under section 924(e).

## C. New Jersey

New Jersey's enactment of Model Penal Code § 7.05 defines "prior conviction" as follows:

> **Prior conviction of a crime.** An adjudication by a court of competent jurisdiction that the defendant committed a crime constitutes a prior conviction, although sentence or the execution thereof was suspended, provided that the time to appeal has expired and that the defendant was not pardoned on the ground of innocence.

N.J. Stat. Ann. 2C:44–4(b) (West 1995). The language of the statute indicates that adjudication, with or without sentencing, constitutes a conviction because an adjudication whether based on a plea of guilty or the return of a verdict is the determination that the defendant committed a crime. The imposition of the sentence is wholly separate from the determination that the defendant committed a crime and sentencing is notably absent from the statute's requirements. The Appellate Division of the New Jersey Superior Court has reached this same conclusion, indicating that: "[A] defendant must be deemed 'previously convicted' when a judgment is entered prior to sentencing, provided there is no pending appeal, irrespective of the chronology of the offenses." *State v. Mangrella*, 214 N.J.Super. 437, 519 A.2d 926, 929 (1986). Jefferson, however, argues that because there can be no appeal before sentencing, and section 2C:44–4(b) requires, as alluded to in *Mangrella*, that time to appeal expire before an adjudication may be considered a prior conviction, New Jersey law demands a guilty plea to be accompanied by sentencing before being considered a prior conviction for the purpose of sentence enhancement.

While Jefferson's reading of the statute is plausible, an examination of the New Jersey Supreme Court's recent decision in *State v. Haliski*, 140 N.J. 1, 656 A.2d 1246 (1995), reveals that such an interpretation is not consistent with the law of New Jersey. The *Haliski* court noted with favor that a majority of the courts in other jurisdictions, when considering the term "conviction" as used in Model Penal Code § 7.05 and comparable provisions, have rejected the view that a pending appeal on a prior conviction precludes its use for enhancement of sentence. *Id.* 656 A.2d at 1252. The reasoning behind the majority position is that "[t]he legislative purpose underlying the habitual offender statute would be frustrated if the statute applied only to previous convictions which later became final judgments." *Id.* (quoting *State v. Heald*, 382 A.2d 290 (Me.1978) (brackets in original omitted)). With respect to a New Jersey statute that mandates enhanced sentences for armed offenders with convictions for prior armed offenses, the *Ha-*

*liski* court held that sentence enhancement was required notwithstanding a pending appeal of the prior conviction or notwithstanding the fact that the time for appeal had not expired.

The *Haliski* court recognized two sentence-enhancement situations that receive "special treatment" under New Jersey law. *Id.* 656 A.2d at 1251. First, repeat sexual offenders are governed specifically by N.J. Stat. Ann. 2C:14–6 (West 1995), and New Jersey courts have interpreted this provision as indicative of a "legislative objective of rehabilitating first-time sex offenders." *Id.* Second, in the context of capital cases, New Jersey courts repeatedly have held that a prior murder conviction may not be used as an aggravating factor until all right to appeal that conviction is exhausted. *Id.* (citing *State v. Bey*, 96 N.J. 625, 477 A.2d 315 (1984); *State v. Biegenwald*, 96 N.J. 630, 477 A.2d 318 (1984)). The *Haliski* court pointed out that, when faced with these circumstances, the court had gone "to great lengths to make clear that its holding was required because life was at stake, rendering the penalty 'profoundly different from all other penalties.'" *Id.* (quoting *Biegenwald*, 477 A.2d at 318 (quoting *Lockett v. Ohio*, 438 U.S. 586, 605, 98 S.Ct. 2954, 2965, 57 L.Ed.2d 973 (1978))). These exceptional circumstances may be exempt from the consequences of the *Haliski* decision, but the reasoning behind the differential treatment accorded defendants in those circumstances does not apply to Jefferson.

In *Haliski*, the New Jersey Supreme Court rejected the premise that adjudications may not be considered for the purpose of enhanced sentencing until after the time to appeal expires, the premise at the foundation of Jefferson's argument for a strict interpretation of section 2C:44-4(b). As the New Jersey Supreme Court noted, New Jersey courts have consistently ruled that

a defendant is not allowed 'to escape the statutorily-required higher penalty because he or she has not yet been convicted, based on a literal reading of N.J.S.A. 2C:44-4(b), either because of strategic maneuvering by counsel or because of the vicissitudes of the court docket, which creates for defendants a windfall not envisioned by the Legislature.'

*Haliski,* 656 A.2d at 1254 (quoting *State v. Hawks,* 114 N.J. 359, 554 A.2d 1330, 1334 (1989) (brackets in original omitted)). With the exception of capital cases, where life is at stake, *Haliski* effectively reads out of section 2C:44–4(b) the clause "provided that the time to appeal has expired." We, of course, are constrained to follow the New Jersey Supreme Court in construing New Jersey law and thus, inasmuch as section 2C:44–4(b) makes no reference to sentencing being an element of a conviction, we conclude that a New Jersey court would consider Jefferson's June 28, 1993 guilty plea, which was an adjudication that Jefferson committed the state crime, to be a conviction for the purpose of sentence enhancement.

## III.  CONCLUSION

For the forgoing reasons, we hold that the district court correctly concluded that, for the purpose of enhanced sentencing under the Armed Career Criminal Act, the term "conviction" is defined by the jurisdiction in which the proceedings were held, and that under the laws of Pennsylvania and New Jersey, Jefferson's guilty pleas constituted convictions. Accordingly, the judgment of the district court entered on December 7, 1995, will be affirmed.