[J-21-2022] [MO: Brobson, J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

COMMONWEALTH OF PENNSYLVANIA,

    Appellee

v.

DEMETRIUS CARLOS COLEMAN,

    Appellant

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

No. 19 WAP 2021

Appeal from the Order of the Superior Court entered February 9, 2021 at No. 938 WDA 2019, affirming in part and vacating in part the Judgment of Sentence of the Court of Common Pleas of Allegheny County entered June 5, 2019 at No. CP-02-CR-0004460-2017, and remanding.

ARGUED: April 12, 2022

## CONCURRING OPINION

JUSTICE DONOHUE                    DECIDED: NOVEMBER 23, 2022

I concur in the result reached by the Majority, and I agree with its conclusion that 42 Pa.C.S. § 9715 is unambiguous. Further, I agree with the Majority's construction of the terms "previously" and "at any time," as they are used in the phrase "previously been convicted at any time" in Subsection (a). I write separately, however, as I would conclude that Section 9715 is unambiguous on different grounds than the Majority. To my reading, Section 9715's lack of ambiguity can be resolved through the meaning of the word "convicted" as it is used in that section. In reviewing the plain language of Section 9715 and this Court's own case law, the word "convicted" and "convictions," as they are used in Section 9715, connote a finding of guilt and not a judgment of sentence.

The Majority relies upon the following dictionary definition of "convicted" in its construction of Section 9715: "to find or declare guilty of an offense or crime by the verdict or decision of a court or other authority." Majority Op. at 12-13 (quoting WEBSTER'S THIRD

NEW INTERNATIONAL DICTIONARY 1798 (3d ed. 1993)). The Majority's analysis on this point ignores the historical tension between the competing definitions that this Court has applied to the terms "convicted" and "convictions," a tension that has been highlighted by the Majority and the Dissent in their respective interpretations of the phrase "complete record of the previous convictions." Majority Op. at 17-19; Dissenting Op. at 7-11 (Wecht, J., dissenting). I do not believe that we should rely on the dictionary definition of "convicted" when this Court's own case law resolves the tension in favor of finding the statute unambiguous.

Over the years, this Court has attributed to the word "convicted" and its various permutations (e.g., "conviction") a "popular" as well as a "technical" meaning. The "popular" meaning of "convicted" refers to a guilty verdict. *See Wilmoth v. Hensel*, 25 A. 86, 91 (Pa. 1892); *York Cnty. v. Dalhousen*, 45 Pa. 372, 374 (Pa. 1863); *See also Commonwealth v. Thompson*, 106 A.3d 742, 766-68 (Pa. Super. 2014) (Bowes, J., concurring) (discussing the distinction and development of the "popular" and "technical" definitions of the term "convicted"). In other instances, this Court has applied a "technical" meaning to "convicted," which has been understood as a judgment or sentence upon the finding of guilt. *See Commonwealth ex rel. McClenachan v. Reading*, 6 A.2d 776, 777-78 (Pa. 1939); *Shields v. Westmoreland Cnty.*, 98 A. 572, 573 (Pa. 1916). In the past, this Court acknowledged that the "technical" meaning should be applied except where the statutory language demonstrates a contrary intent. *Commonwealth v. Minnich*, 95 A. 565, 567 (Pa. 1915); *Reading*, 6 A.2d at 778. Section 9715 is one such instance in which the plain language clearly indicates that we cannot apply the "technical" meaning to "convicted," and thus we are left to apply its "popular" meaning. This is not a novel concept and is in line with our principles of statutory construction. This Court arrived at a similar conclusion in *Commonwealth v. Beasley*, 479 A.2d 460 (Pa. 1984), when

addressing the meaning of "conviction" in the context of an aggravating circumstance in a death penalty case.

In *Beasley*, the defendant murdered Keith Singleton and fled from the scene, avoiding apprehension for a time. *Id.* at 461. A few months later, he committed another murder of a police officer and was caught shortly thereafter. *Id.* While in custody for the police shooting, it was determined that Beasley had committed the murder of Singleton and was charged accordingly. *Id.* For the murder of the police officer, Beasley was brought to trial and convicted. *Id.* (citing *Commonwealth v. Beasley*, 475 A.2d 730 (Pa. 1984)). After being convicted for the police killing but prior to receiving a judgment of sentence in that case, Beasley was convicted and sentenced to death for the murder of Singleton. *Id.* at 464. In determining this sentence, the jury considered the proven aggravating circumstances, pursuant to 42 Pa.C.S. § 9711, including Beasley's "significant history of felony convictions involving the use or threat of violence to the person." *Id.* (citing 42 Pa.C.S. § 9711(d)(9)). Beasley argued that consideration of his conviction for the police killing was improper because "a verdict of guilt may not be considered a prior 'conviction,' constituting an aggravating circumstance … until a judgment of sentence has been entered." *Id.* This Court disagreed.

The *Beasley* Court noted that in *Commonwealth v. Travaglia*, 467 A.2d 288 (Pa. 1983), we held that "a judgment of sentence need not already have been entered following a finding of guilt in order for the finding to be considered as a conviction constituting the aggravating circumstance in [42 Pa.C.S. § 9711](d)(10)," thereby ascertaining that the General Assembly had applied the "popular" meaning to "conviction" as it was used in Section 9711(d)(10). *Beasley*, 479 A.2d at 464. The *Beasley* Court saw no reason to accord two inconsistent meanings to the word "conviction" in "consecutively

enumerated provisions" and ultimately applied the "popular" meaning to "conviction," i.e., "found guilty" rather than "found guilty and sentenced." *Id.*

A similar rationale can be applied to the language of Section 9715 in the instant matter. Subsection (a) applies to "any person **convicted** of murder of the third degree in this Commonwealth who has previously been **convicted** at any time of murder or voluntary manslaughter," and its application is unquestionably to be determined at sentencing, pursuant to Subsection (b). 42 Pa.C.S. § 9715(a)-(b) (emphasis added). It would be completely illogical to apply the "technical" meaning to "convicted" as it is used in Section 9715. Under the "technical" sense, a person could never be considered "convicted" prior to sentencing because the "technical" definition requires the imposition of a sentence. Applying the "technical" definition would yield an impossible result in Subsection (a), and we must presume that the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable. 1 Pa.C.S. § 1922(1).[1] Accordingly, the "popular" meaning is the only interpretation that offers a workable and consistent definition of "convicted" as it used in Section 9715, at least with respect to Subsection (a).

The Dissent suggests that this Court should apply the "technical" definition in Subsection (b), as is apparent from its contention that a "complete record of the previous convictions" must "[a]t the very minimum … contain a final judgment of sentence[.]" Dissenting Op. at 8 (Wecht, J., dissenting). Although the Dissent is focused on the standalone meaning of "complete record," it is impossible to ascertain this meaning

---

[1] There exists the presumption that the legislature is aware of our prior decisional law when crafting statutory language, and thus I would presume that the General Assembly was aware of the historical treatment and distinction between the "popular" and "technical" meaning of the word "convicted" when it drafted Section 9715. *See, e.g., City of Phila. v. Clement & Muller, Inc.*, 715 A.2d 397, 399 (Pa. 1998) ("The legislature is presumed to be aware of the construction placed upon statutes by the courts[.]").

without acknowledging what it is a complete record of—**convictions**. Subsection (a) is undoubtedly relying on the "popular" definition of "convicted." Thus, the Dissent's proposed meaning of "conviction" in Subsection (b) would require that we read "convicted" under its "popular" meaning in Subsection (a), and its "technical" meaning in Subsection (b). This inconsistent reading of "convicted" in the same statute cannot be what the General Assembly intended.[2] *See Bayview Loan Servicing, LLC v. Lindsay*, 185 A.3d 307, 313 (Pa. 2018) ("[S]tatutory interpretative principles also require that where the meaning of a word or phrase is clear when used in one section of a statute, it will be construed to have the same meaning in another section of the same statute."). These two consecutive provisions must take on the same meaning of "convicted," which is "'found guilty' rather than 'found guilty and sentenced.'" *Beasley*, 479 A.2d at 464.

Accordingly, "convicted" as it is used throughout Section 9715 is employing its "popular" definition. With this meaning in mind, the phrase a "complete record of the previous convictions," as it is used in Subsection (b), suggests that a record of the previous finding of guilt was intended for compliance with Section 9715. Construing the plain meaning of "convicted" as such resolves any remaining question in favor of finding Section 9715 unambiguous.

For the above reasons, I concur in the Majority's result, but I would conclude that Section 9715 is unambiguous on different grounds.

---

[2] While I recognize that Subsection (a) uses the word "convicted" and Subsection (b) uses the word "convictions," to read those two words differently and prescribe inconsistent meanings would only serve to create an unnecessary ambiguity.