Arthur D. Brennan, J.
In this proceeding under article 78 of the Civil Practice Act, the petitioner seeks, among other things, to compel the defendants, officers of the City of New-burgh, to reinstate him to his position of chief of the Fire Department of the City of Newburgh.
*406 The parties have agreed that no question of fact is presented herein as all of the material facts are undisputed and that the issue presented is solely a question of law. That question of law is one which requires the construction of the last sentence of paragraph (b) of subdivision 1 of section 246 (now 243) of the Military Law which reads: “ Notwithstanding the foregoing provisions of this paragraph, the term ‘military duty’ shall not include any of the foregoing services entered upon voluntarily on or after January first, ninteeen hundred forty-seven and before June twenty-fifth, nineteen hundred fifty.”
Except for the words “ and before June twenty-fifth, nineteen hundred fifty ”, the sentence was added by chapter 214 of the Laws of 1946. The quoted words were added by chapter 14 of the Laws of 1951.
The petitioner became chief of the Fire Department of the City of Newburgh in 1935, after passing a competitive civil service examination. In 1943 he became an officer in the United States Army and was ordered to active duty. Pursuant to the solicitation of his superior officers, he voluntarily requested, on January 13, 1947, March 18,1947, April 19, 1948 and August 13, 1948, that he be permitted to continue his services in the armed forces of the United States. Pursuant to these requests, he continued to serve his country in the armed forces until May 6, 1955, when he received his honorable release. On May 16, 1955, he applied for reinstatement to his position as chief of the Fire Department, claiming that such was his right in accordance with the provisions of section 246 (now 243) of the Military Law. The defendant officials of the City of Newburgh refused to reinstate him, and this proceeding was then instituted.
The respondents contend that the petitioner lost his right to be reinstated to his official position because he voluntarily remained in military service during the period between January 1,1947 and June 25,1950. However, the petitioner contends that this construction is unjustified as the subject statute relates only to military service entered upon voluntarily during that period.
Apparently it is conceded that military service voluntarily entered upon before January 1, 1947 is entitled to the full protection of section 246 (now 243) of the Military Law and that military service voluntarily entered upon at any time after June 25, 1950 and even today, is also entitled to the full protection of the statute. It therefore appears that the issue to be determined is whether the petitioner is entitled to the full protection of the *407 statute in question in view of the fact that he was called to active duty in 1943 and voluntarily remained on such a status at the request of his superior officers until his honorable release therefrom in May, 1955.
When section 246 of the Military Law was enacted in 1941, certain rights and privileges were conferred upon civil service employees for the apparent purpose of assuring them that their positions would be available to them upon their return from military service. These rights and privileges were clearly enunciated and set forth.
When the Legislature enacted chapter 214 of the Laws of 1946 (in the early days of the 1946 session) it well knew and must have had in mind that Germany had surrendered in May, 1945 and that Japan had surrendered in September, 1945, but that an army of occupation was a necessity. Enlisted men who had served so faithfully in combat duty as well as “ combat officers ” were undoubtedly entitled to relief. Selective service could supply new men to replace enlisted men who had been in combat duty; but specialized officers, such as those in the category or status of the petitioner, were necessarily required, in the interests of freedom and public order, for further service as an essential protection to our status as well as the status of those foreign countries which were dependent upon our protection. This court firmly believes that the Legislature of this State was so informed.
Thus, the question is posed' — -what was the intent of the Legislature in enacting chapter 214 of the Laws of 1946 wherein it declared that military service entered upon voluntarily after January 1,1947 would not entitle any employee to the mandatory leave of absence conferred by section 246. It did not consist, in this court’s view, of any attempt to destroy or the destruction of the rights of employees who entered military service prior to that date and those who, having so entered, voluntarily remained in military service.
If the Legislature, with the knowledge before it of the circumstances existing, intended to exclude from the benefits previously conferred, those who had become a part of the military service (as defined by statute) and had voluntarily remained therein, it would have, by appropriate express language, so stated. For example, if such were the intendment of the Legislature, it could have excluded from said benefits, military duty entered upon, renewed or continued voluntarily; or by using appropriate language, it could have denied reinstatement to any person who voluntarily remains in military service after he has had or been given an opportunity of being released from active duty.
*408 This court is familiar with the procedure of the armed forces during certain phases of World War II and thereafter. The specialized officers and, in fact, various enlisted men and those inducted, were often prevailed upon by their commanding officers to remain in the service. They were, indeed, an essential part of our participation in the salvation of various parts of the world and for the maintenance of peace for which this country fought.
In this court’s opinion, the subject statute, as written, discloses no basis for terminating the reinstatement rights of a veteran such as the petitioner, who entered the service in the period protected by law and then voluntarily remained continuously in service without interruption. Further, it is this court’s opinion that the provisions of the subject statute should not be extended beyond their plain and unambiguous meaning, so as to exclude from the liberal benefits previously conferred, a case not specifically mentioned therein.
Accordingly, the application is granted. Settle order on notice.