Edward R. Dudley, J.
In this article 78 proceeding petitioner seeks an order (1) directing the respondent Teachers’ Retirement Board to retire her for disability with full retirement service credit for the entire period of her military service from January 16, 1943 to August 19, 1963, plus 200 additional days of credit for accumulated sick leave; and (2) requiring the City of New York to pay into the Teachers’ Retirement System on her behalf contributions which she would have been required to pay into the system based upon the salary she would have received with the Board of Education for those periods of her military service when her salary was lower than the salary she would have received in her teaching position during the same period. As of September 1, 1950 she seeks to have her salary fixed as though she had been reappointed as teacher of swimming on that date.
Petitioner, then a teacher, became a member of the Teachers’ Retirement System as of September 6, 1940. On August 31, 1941 the position of teacher of swimming which she occupied was abolished by the Board of Education, which, at about the same time, established a preferred eligible list of all those whose positions as swimming teachers had been abolished. Thereafter, *1050 petitioner and others similarly situated received positions as “instructors in showers ”, with lower salaries than that of teachers of swimming. On January 16, 1943 petitioner entered the Naval Reserve and served until August 19, 1963, when she was released from active duty due to a physical disability. During her period of service, and specifically on June 29, 1950, the Board of Education restored those “instructors in showers” whose previous positions had been abolished, to teachers of swimming. Petitioner was not so restored, since she was not then available for the position. However, her name was put on a special eligible list pursuant to subdivision 7 of section 243 of the Military Law. On September 6, 1963 upon discharge from military service she was reinstated as an “instructor in showers” by the Board of Education. She reported for work on October 25, 1963 and applied for disability retirement in the Teachers’ Retirement System and for 200 days’ sick leave with pay until her retirement would become effective, or she had exhausted the sick leave, whichever occurred first. On May 26, 1964 the Medical Division of the Board of Education found her physically disabled from performing her duties and she was retired as of June 25, 1964 pursuant to subdivision (e) of section B20-40.0 of the Administrative Code of the City of New York.
Petitioner is deemed to have a leave of absence from January 16, 1943-August 19, 1963 pursuant to subdivision 2 of section 243 of the Military Law. She has agreed to contribute to the retirement system the amount which is determined to be owing by her. Therefore she is entitled to the 20 years of military service as service credit under subdivision 4 of section 243 of the Military Law notwithstanding paragraph (b) of subdivision 1 of section 243, which only applies to those entering military service on or after January 1, 1947 and before June 25, 1950. (Matter of Brown v. Kennedy, 14 Misc 2d 405, 406.)
Petitioner’s entitlement to the benefits of these provisions of the Military Law, clear on the face of the statute, may not be withheld on the basis urged by respondent — that petitioner never intended to return to service with respondent, and that the statute was not intended to cover, in substance, “ career ” military personnel. While this may well be the case, the statute’s terms are clear, and upholding respondent’s argument on this point would mandate questioning the intention of each person seeking to avail himself of the benefits of the law.
Petitioner contends that as of June 29, 1950 (the date of reinstatement of instructors in showers to teachers of swimming) she was entitled to the status of teacher of swimming *1051 pursuant to subdivision 7 of section 243 of the Military Law. She argues that her salary, for the purposes of the contributions by the City of New York to the Teachers’ Eetirement Fund should be computed on the basis of a teacher of swimming. (Citing Military Law, § 243, subd. 20.) However, her contention is without merit. A restored veteran such as petitioner does not automatically become appointed, upon separation from the Armed Forces but must await an appointment, as vacancies occur. The only right petitioner had was that appointment, when made, should be made only from among those on the eligible list in the proper order. There was no automatic reappointment to the position of teacher of swimming either on June 29, 1950 or upon her reappointment to “ City service ” on October 25, 1963. She has not even alleged that a vacancy existed for a teacher of swimming at the time of her restoration to city service. Consequently she is deemed to be restored to the position of instructor in showers, the position held by her at the time of her entry into Military Service. (Military Law, § 243, subd. 2.)
Petitioner is entitled to the 200 days’ accumulated sick leave under section 106(3) of the by-laws of the Board of Education.
Under subdivision 20 of section 243 of the Military Law the City of New York is required to pay petitioner’s contributions to the retirement system so long as her military salary was lower than the salary she would have received as a teacher for the same period. She is deemed to have the position of instructor in showers from January 16, 1943-August 19, 1963 and she was only eligible for the position of teacher of swimming as of June 29, 1950. Her salary as of January 16, 1943 should be computed on the basis of an instructor in showers and the City of New York must contribute to the retirement system on this basis. Also, as of the date of her reinstatement on October 25, 1963 she became entitled to her 200 days’ accumulated sick leave (with pay) and retirement service credit until the date of her disability retirement by the Board of Education (June 25, 1964). It is conceded by both parties that she will not get any retirement service credit or sick leave pay subsequent to her retirement on June 25, 1964. She is also entitled to retirement credit from August 19,1963, the date of her release from military service, to the date of her reinstatement on October 25, 1963 under paragraph (b) of subdivision 1 of section 243 of the Military Law, since the period is less than 90 days. Accordingly and pursuant to the above, the petition is granted in part and denied in part.