■ In the Matter of MILDRED S. WULFF, Respondent-Appellant, v. TEACHERS' RETIREMENT BOARD OF THE CITY OF NEW YORK et al., Appellants-Respondents.— Judgment decreeing petitioner was entitled to retire for disa-

bility from her teaching position on June 25, 1964, and directing respondent, Teachers' Retirement Board to so retire her and to pay her a retirement allowance, unanimously reversed, on the law, and petition dismissed, without costs or disbursements to any one of the parties as against the other. In view of this disposition, there is no need of reaching that branch of the appeals pertaining to the measure of retirement allowances. Section 243 of the Military Law was manifestly intended to apply to civil service employees whose purpose was to leave their civil service employment temporarily, in response to national need or in order to comply with the draft laws, but who intended to return to their civil service careers upon release from their military duties. It would be a patent absurdity to apply section 243 to the instant petitioner who voluntarily chose to make a permanent and full time career of her Navy service, for more than 20 years, to the exclusion of her Board of Education employment. Indeed, petitioner remained in her Navy post, and as part of the regular Navy, until such time as she was able to lay claim to and successfully obtain a disability retirement pension from the Navy. On the basis of this disability she now seeks a further pension from the Teachers' Retirement System. The Medical Division of the Teachers' Retirement Board also pronounced her incapacitated. In fact, petitioner conceded that her disability was such that it was not expected to improve and would in all probability worsen. Thus, she was incapable, in any event, of returning for service in the post which she quitted in the Board of Education on January 16, 1943. A statute cannot be tortured so as to achieve a result which is preposterous (*Holy Trinity Church* v. *United States,* 143 U. S. 457, 472) nor should it be so construed as to work a public mischief (*Smith* v. *People,* 47 N. Y. 330, 336). The cases of *Matter of Brown* v. *Kennedy* (14 Misc 2d 405) and *Matter of O'Connor* v. *Eppig* (14 Misc 2d 641) cited by petitioner, are factually different, and do not apply. Concur — Eager, J. P., Capozzoli, Rabin, McNally and McGivern, JJ. [50 Misc 2d 1048.]