■ In the Matter of NEW YORK CITY BOARD OF EDUCATION et al., Petitioners, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD, Respondent. —Determination of the respondent entered June 30, 1975, unanimously annulled, on the law, and the matter remanded to the appeal board, without costs and without disbursements for further proceedings not inconsistent with the opinion of this court. The complainant, Eileen Hult (Hult) was employed by the New York City Board of Education in September 1967. She took a qualifying examination and was appointed as an elementary school teacher (common branches) on February 1, 1968. She was informed at that time that certain eligibility requirements would have to be completed on or before February 1, 1973, including, *inter alia,* obtaining of a master's degree or completion of 30 semester hours of approved graduate study. On September 5, 1969, Hult's request for a five-year maternity leave (to expire September 4, 1974) was granted. She gave birth to one child in November,

1969 and to another child on December 27, 1970. In January, 1974 she was advised that her license was terminated for failure to comply with the educational eligibility requirements. No further extension of maternity leave was granted since her license had been terminated. In March, 1974 Hult filed a charge of sex discrimination alleging that she was required to take a maternity leave and that she was not allowed an extension of time to complete her educational requirements coextensive with the length of her maternity leave. After a hearing, there was a finding of no sex discrimination and a direction that the complaint be dismissed. The State commissioner noted in his decision that there is a valid distinction between military leave, which extends the time to complete eligibility requirements, and maternity leave, which does not. This determination was reviewed by the appeal board which, in a 2 to 1 decision, reversed the commissioner and found discrimination based on sex. We first note that the appeal board exceeded its authority. Subdivision 1 of section 297-a of the Executive Law, at the time the order in the case at bar was made, provided for an appeal board consisting of four members. Subdivision 4 of section 297-a of the Executive Law provides that a majority of the members of the *entire* board is necessary for a determination of the appeal. In this case, only three members sat and therefore the 2 to 1 determination directing reversal of the commissioner's order was invalid. Looking to the merits, we note that the New York State Military Law (§ 243, subd 2, par [a]) provides leave for both men and women. Section 243 serves a rational governmental interest to provide special protection for those who leave their civilian jobs to serve in the military in response to a national need (cf. *Matter of Wulff v Teachers' Retirement Bd. of City of N.Y.,* 27 AD2d 929, 930, affd 21 NY2d 802). All other types of leave (e.g., those granted for illness, hospitalization, or pregnancy), are treated in the same fashion and do not allow for extensions of time to complete eligibility requirements. The maternity leave itself, while mandatory, apparently may be both begun and terminated at a time suitable to the applicant, subject only to the approval of her physician. This is in compliance with constitutional equal protection requirements *(Cleveland Bd. of Educ. v LaFleur,* 414 US 632; cf. *Board of Educ. v New York State Div. of Human Rights,* 42 AD2d 49, affd 35 NY2d 674). In the case at bar, therefore, it was the complainant's choice rather than the rules of the board of education which prevented her from fulfilling the educational requirements. We have accordingly remanded this matter to the appeal board for further proceedings not inconsistent with this opinion. Concur—Murphy, J. P., Birns, Silverman, Capozzolli and Lane, JJ.