Fuchsberg, J. (dissenting).
During the course of the departmental and Grand Jury investigations which preceded his dismissal, petitioner applied posthaste for a service retirement pension (Administrative Code of the City of New York, § B336.3, subd h, par [4]). However, completion of the hearings resulted in dismissal taking place two days before the retirement could have been effective. As a result, the Board of Trustees of the New York City Employees’ Retirement System thereupon denied the application on the ground that petitioner, then no longer "in city service”, was not a member of the retirement system as of the date when his application could first be acted upon. For the same reason, when he later applied anew, this time for a military veteran’s retirement pension (§ B3-36.0, subd 2), the second application was rejected as well.
The petitioner now having abandoned all but the claim for a military veteran’s pension, we need direct our attention only to that matter.
The operative statutory provision is subdivision 2 of section B3-36.0 which provides, in pertinent part, as follows: "Notwithstanding any other provisions of this section or the provisions of any other section of the code to the contrary, a member who is an honorably discharged member of any branch of the armed services of the United States, having served as such during the time of war and who has attained the age of fifty years, may retire upon his own request upon written application to the board setting forth at what time not less than thirty days subsequent to the execution and filing thereof his desires to be retired, provided that such member at the time so specified for his retirement shall have completed at least twenty-five years of allowable service.” (Emphasis supplied.)
Petitioner’s contention is that, as a veteran, under the quoted section he remained a "member” of the system despite his dismissal and, since he fits within its age, years of civil *8 service employment and military service requirements, he is entitled to the pension notwithstanding his discharge.
However, unless one strains, as the majority appears to be doing by forcing inferences from a maze of unrelated sections of the statutory scheme, neither logic nor law supports petitioner’s position. For the literal language of the statute itself makes clear that, even assuming, arguendo, that petitioner remained a "member” of the retirement system (see § B3-31.0), a "member” is entitled to a pension only if he "retire[s] upon his own request”. And the unvarnished fact is that petitioner’s severance was not on his initiative, but as a result of a discharge following findings that he was guilty of gross malfeasance.
Dismissal for grievious misconduct cannot be equated with voluntary retirement. "Retirement from employment has a connotation different from discharge. The former ordinarily signifies voluntary withdrawal, the latter compulsory dismissal. See Brown v. Little, Brown & Co., 269 Mass. 102, 168 N. E. 521, 66 A.L.R. 1284 (1929); People ex rel. Tims v. Bingham, 166 N. Y. S. 28 (Sup. Ct. Spec. Term 1906)” (Jacobs v New Jersey Highway Auth., 54 NJ 393, 397).
Our analysis is, of course, based upon the language of the statute and not upon any personal view as to the policy it expresses. Where a statute is as unambiguous as this one, it is a cardinal rule of construction that it "cannot be tortured so as to achieve a result which is preposterous * * * nor should it be construed as to work a public mischief’ (Matter of Wulff v Teachers' Retirement Bd. of City of N.Y., 27 AD2d 929, affd 21 NY2d 802). Instead, petitioner would have us " 'construe’ language into patently not meaning what the language is patently trying to say” (Llewellyn, Book Review, 52 Harv L Rev 700, 702). This we may not do.
It is also axiomatic that a civil service pension is not a gratuity but an important right earned by an employee. The fidelity with which a civil servant is expected to perform his or her services is not an inconsequential consideration for the city’s undertaking of this obligation (Hoyt v County of Broome, 285 NY 402, 406; see, also, Matter of Giannettino v McGoldrick, 295 NY 208, 212, and cases cited therein). It is far more than compensation for services rendered. Only recently we have had occasion to repeat that it also is intended to act as a "reward for faithfulness to duty and honesty of *9 performance” (Matter of Pell v Board of Educ., 34 NY2d 222, 238).
Furthermore, if subdivision 2 of section B3-36.0 had intended to create an exception from a principle so important to integrity in government service, it surely would have said so. However, its legislative history does not contain a hint of any intention to exempt veterans who are New York City employees from ineligibility for a retirement pension after dismissal for misconduct. Its only purpose, expressly described by the Mayor of the City of New York upon whose recommendation it was enacted, was to permit a war veteran who had completed 25 years of service to retire at age 50 (NY Legis Ann, 1947, pp 37-38).* No one can possibly suggest that the very important benefit so provided for these specially favored employees was intended as an invitation to, or condonation of, betrayal of their public trust. To now engraft a hitherto unwritten immunity from the consequences of such disloyalty is, to put it too mildly, strange, strange indeed.
Accordingly, the order of the Appellate Division should be reversed and the judgment of Special Term reinstated.
Chief Judge Breitel and Judges Gabrielli and Jones concur with Judge Cooke; Judge Fuchsberg dissents and votes to reverse in a separate opinion in which Judges Jasen and Wachtler concur.
Order affirmed.

 Matter of Keogh v Wagner (20 AD2d 380, affd 15 NY2d 569) is of no assistance to the petitioner. In that case, the majority at the Appellate Division declined to rule on the issue before us now and this court’s affirmance, without opinion, certainly cannot be regarded as an indorsement of the concurring opinion (see Matter of Sentry Ins. Co. [Amsel], 36 NY2d 291, 295; Rogers v Decker, 131 NY 490).