OPINION OF THE COURT
William L. Underwood, Jr., J.
Petitioner brings this CPLR article 78 proceeding, although not styled as one, to direct the respondents to place his name *629 on the eligible list for the permanent position of police officer in the Suffolk County Police Department.
Petitioner was born on February 3, 1948 and was 29 years old on February 3, 1977. Section 58 (subd 1, par [a]) of the Civil Service Law provides, in pertinent part, that "no person shall be eligible for provisional or permanent appointment in the competitive class of the civil service as a police officer of any police force or police department of any county * * * unless he shall satisfy the following basic requirements: * * * (a) he is not less than twenty nor more than twenty-nine years of age, provided, however, that the time spent on military duty * * * not exceeding a total of six years, shall be subtracted from the age of any applicant who has passed his twenty-ninth birthday as provided in subdivision ten-a of section two hundred forty-three of the military law”.
Subdivision 10-a of section 243 of the Military Law permits the period of military duty to be deducted "in computing the age of [such] candidate”, if maximum age requirements are established by law for examination for, or for appointment or promotion to, any position in the public service. The only limitations are that the total time deducted for military duty cannot exceed six years, and that the actual age at appointment of police officers cannot exceed 35 years.
Petitioner served in the Armed Forces of the United States in the Marine Corps from August 24, 1970 until March 26, 1971, and accordingly respondents deducted seven months from petitioner’s actual age. However, petitioner was still "more than twenty-nine years of age.” Respondents thereupon removed his name from the eligible list promulgated by the Department of Civil Service of the County of Suffolk.
The thrust of petitioner’s present argument is that respondents should give him credit for the "approximately seven months” that he was disabled by encephalitis, and then restore his name on the list.
Petitioner cites section 243 (subd 1, par [c]) of the Military Law which defines "termination of military duty” to support his position. The court does not agree with petitioner and his petition is dismissed.
Section 243 of the Military Law is entitled "Provisions applicable to public employees who are absent on military duty”, and the scheme of the lengthy section concerns the status and rights of a public employee who temporarily leaves his position to serve in the Armed Forces. One court stated *630 the intent of the section in this language; "Section 243 of the Military Law was manifestly intended to apply to civil service employees whose purpose was to leave their civil service employment temporarily, in response to national need or in order to comply with the draft laws, but who intended to return to their civil service careers upon release from their military duties.” (Matter of Wulff v Teachers’ Retirement Bd. of City of N. Y., 27 AD2d 929, 930, affd 21 NY2d 802; see, also, Matter of Newcomb v New York State Teachers’ Retirement System, 43 AD2d 353, affd 36 NY2d 953; Matter of New York City Bd. of Educ. v New York State Human Rights Appeal Bd., 54 AD2d 656.)
Therefore, the court strictly construing the sections involved holds that, under the facts presented, petitioner was properly given credit for his military duty pursuant to section 58 (subd 1, par [a]) of the Civil Service Law and subdivision 10-a of section 243 of the Military Law. (See, e.g., Matter of Rahill v Bronstein, 32 NY2d 417.) The court further holds that the other subdivisions of section 243 do not apply in this case.
If the Legislature wanted all of the provisions of section 243 of the Military Law to be applicable to section 58 of the Civil Service Law, it could have clearly stated so in section 58; instead the Legislature merely stated that "subdivision ten-a of section two hundred forty-three of the military law” applies.
Finally, even if petitioner were correct in that section 243 (subd 1, par [c]) of the Military Law applies, and that he should be entitled to an additional credit for his temporary disability, his factual situation does not comply with the section. Section 243 (subd 1, par [c]) of the Military Law states in part that a person’s "termination of military duty” may be the date of termination "of a temporary disability arising out of and in the course of such military duty”. Petitioner claims that his temporary disability due to encephalitis lasted seven months. Petitioner seeks to utilize this section because he is a "person on an eligible list for a position in such service” as provided in this subdivision. However, the term "position” is defined in section 243 (subd 1, par [d]) of the Military Law as "the office or position held by a public employee at the time of his entrance upon military duty.” Therefore, the construction of the phrase "person on an eligible list for a position in such service” must mean that a person is already a "public em *631 ployee” and is on an eligible list for a promotion or for another public position. This reasoning is fortified by the cases previously cited that have held that section 243 of the Military Law was designed to benefit public employees who have had their civil service careers interrupted by military duty.
Unfortunately, petitioner, a man who desires to serve the public as a police officer, is older than the statutory maximum age for eligibility for provisional or permanent appointment to the police department.