Chris G. Trapp, Esq. Informal Opinion Bouvier O'Connor, LLP No. 2003-7 Main Place Tower 350 Main Street, Suite 1400 Buffalo, New York 14202-1344
Dear Mr. Trapp:
In your capacity as counsel for the Tonawanda City School District, you have requested an opinion regarding Military Law §§ 242 and 243. An employee of the school district who is a member of the naval reserve on non-active status has been volunteering to attend the funerals of retired military personnel and veterans. Your question is whether the employee's voluntary attendance at such funerals constitutes "military duty," making him eligible for leaves of absence under Military Law §§ 242 or 243. For the reasons below, we believe that it does not.
Analysis
A. Military Law § 242
Military Law § 242(2) provides as follows:
 Every public officer or employee shall be entitled to absent himself and shall be deemed to have a leave of absence from his duties or services as such public officer or employee while engaged in the performance of ordered military duty and while going to and returning from such duty.
Every public officer or employee is entitled to be paid his salary or other compensation for periods of absence while engaged in the performance of "ordered military duty." Military Law § 242(5).
Military Law § 242(1)(b) defines "ordered military duty," in pertinent part, as follows:
 Any military duty performed in the service of the state or of the United States, including but not limited to attendance at any service school or schools conducted by the armed forces of the United States, by a public officer or employee as a member of any force of the organized militia or of any reserve force or reserve component of the armed forces of the United States, pursuant to orders issued by competent state or federal authority, with or without the consent of such public officer or employee.
(Emphasis added).
"Ordered military duty," therefore, presupposes orders issued by competent state or federal authority. We conclude that the voluntary attendance at the funerals of retired military personnel and veterans by a public employee does not fall within the provisions of section 242 because it is not military duty performed pursuant to orders issued by competent state or federal authority.
B. Military Law § 243
Military Law § 243 provides that certain public officers or employees, including employees of school districts, are entitled to unpaid leaves of absence from their positions while engaged in the performance of military duty and reinstatement to their positions upon their return. While the definition of "military duty" in section 243 includes military reservists mobilized under specific federal laws not applicable here, it specifically excludes "temporary and intermittent gratuitous service in any reserve or auxiliary force." Military Law § 243(1)(b). Moreover, section 243 was intended to protect public employees who left their public employment temporarily in response to national need or in order to comply with draft laws, but who intended to return to their careers upon release from military duties. Wulff v.Teachers' Retirement Board of City of New York, 27 A.D.2d 929, 930 (1st Dep't 1967), aff'd, 21 N.Y.2d 802 (1967).
In the circumstances that you describe, the employee is not a mobilized reservist; nor is he requesting a leave of absence to respond to a national need or to comply with draft laws. Accordingly, we conclude that voluntary attendance at military funerals by a non-active military reservist does not fall within the definition of "military duty" and thus does not entitle the employee to an unpaid leave of absence under Military Law § 243.
Conclusion
In conclusion, therefore, we are of the opinion that voluntary attendance at funerals of retired military personnel or veterans by an employee of the school district who is a non-active military reservist does not constitute "ordered military duty" within the meaning of Military Law § 242 or the performance of "military duty" within the meaning of section 243.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours, KATHRYN SHEINGOLD
Assistant Solicitor General
In Charge of Opinions
By: ______________________________
WILLIAM E. STORRS
Assistant Solicitor General