In the Matter of J. Vincent Keogh, Respondent, *v.* Robert F. Wagner et al., Constituting the Board of Trustees of the New York City Employees' Retirement System, Appellants.

First Department, February 27, 1964.

*Fred Iscol* of counsel (*Seymour B. Quel* and *Irwin L. Herzog* with him on the brief; *Leo A. Larkin, Corporation Counsel*), for appellants.

*John P. McGrath* of counsel (*Martin D. Jacobs* and *Jacob W. Heller* with him on the brief; *Reavis & McGrath,* attorneys), for respondent.

*Morris Shapiro* for The City Club of New York, *amicus curiæ.*

VALENTE, J.   This is an appeal from an order in an article 78 proceeding annulling a determination of the Board of Trustees of the New York City Employees' Retirement System (1) denying petitioner's application, made on June 19, 1962, for retirement on July 19, 1962 by reason of his having attained the minimum service retirement age of 55 years, and (2) denying a supplemental application for retirement under subdivision 2 of section B3–36.0 of the Administrative Code of the City of New York based on petitioner's being an honorably discharged veteran of the Armed Forces of the United States who had attained the age of 50 years and had completed 25 years of allowable service. Special Term directed that the board, at its next scheduled meeting, approve petitioner's application for retirement effective as of July 19, 1962.

There is no dispute as to the facts. Petitioner, then a Justice of the Supreme Court of the State of New York, was on June 16, 1962 found guilty by a jury in the United States District Court for the Southern District of New York conspiring to violate a Federal statute (U. S. Code, tit. 18, § 1503) proscribing attempts to influence, obstruct or impede the administration of justice. Thereafter, on August 2, 1962, petitioner was sentenced

to a term of imprisonment for two years. The judgment of conviction was affirmed on appeal on April 25, 1963. (*United States v. Kahaner,* 317 F. 2d 459, cert. den. *sub nom. Keogh* v. *United States,* 375 U. S. 836.)

Petitioner's applications for retirement were denied by the board on the ground that the jury's verdict of guilt on June 16, 1962, constituted a conviction within the intendment of paragraph e of subdivision 1 of section 30 of the Public Officers Law. This in the opinion of the board vacated petitioner's office and terminated his membership in the Retirement System, thereby precluding any application for retirement subsequent to June 16, 1962 based upon petitioner then being a "member" in city service as required by subdivisions 1 and 2 of section B3–36.0 of the Administrative Code.

Special Term held (1) that section 30 of the Public Officers Law was inapplicable to petitioner since the provisions of sections 10 and 11 of article XIII of the Constitution of the State of New York (now §§ 5, 6) were the exclusive method for removal of judicial officers; (2) that even if section 30 of the Public Officers Law was pertinent, it appeared, that although a jury in the Federal court had found petitioner guilty on June 16, 1962, petitioner had not yet been "convicted" within the intendment of the Public Officers Law until sentence, which occurred on August 2, 1962; and (3) that, in any event, petitioner was entitled to qualify for retirement, even though not in the city service, because of the provisions of subdivision 2 of section B3–36.0 of the Administrative Code since he was a veteran who had attained the age of 50 and had completed at least 25 years of allowable service.*

It is unnecessary to pass upon all the three grounds upon which Special Term rested its decision. We find that the determination can sufficiently be upheld upon the ground that petitioner's office was not vacated — within the meaning of paragraph e of subdivision 1 of section 30 of the Public Officers Law

---

* In a proceeding brought in Supreme Court, Albany County, to annul a determination granting petitioner herein a pension from the New York State Retirement System, Justice BRUHN on February 14, 1963 dismissed the petition. In an unreported opinion, Justice BRUHN held that under the State Retirement System it was unnecessary for an applicant to be in the State service at the time of the application or upon the effective date of retirement. In that opinion, Justice BRUHN expressed agreement with the rulings of Special Term, under review on the instant appeal, that section 30 of the Public Officers Law was not applicable since (1) the "conviction" did not occur at the time of the jury verdict in the Federal court and (2) that the provisions of the New York State Constitution contained the exclusive method for the removal of a judicial officer for misconduct.

—by the verdict of guilty rendered by the jury in the Federal court on June 16, 1962. The word " convicted " as used in that section must be construed to include not only the verdict of guilty but also the judgment of the court thereon.

Reference to subdivision 1 of section B3–36.0 of the Administrative Code shows that an application for retirement on the basis of attainment of the minimum service retirement age may be made by any " member in city-service ". Petitioner while he held the office of Justice of the Supreme Court was a " member in city-service " and he remained such a " member " until such time as he was either removed from office or the office which he held became vacant.

Section 30 of the Public Officers Law provides, insofar as is pertinent herein, as follows: " § 30. Creation of Vacancies. 1. Every office shall be vacant upon the happening of one of the following events before the expiration of the term thereof: * * * e. His conviction of a felony, or a crime involving a violation of his oath of office; ".

It is conceded by all that the term " felony " as used in the above statute is restricted to crimes which are felonies under the laws of the State of New York. Since the crime of conspiracy to obstruct the due administration of justice is a misdemeanor under New York law (Penal Law, § 580) — although a felony under Federal law — that part of paragraph e of subdivision 1 of section 30 of the Public Officers Law relating to " conviction of a felony " is not applicable herein. For the purposes of this appeal, we assume that petitioner's crime involved " a violation of his oath of office ", conviction for which, no less than conviction of a felony, would vacate his judicial office.

We come then to the question as to whether the office of petitioner was vacated on June 19, 1962 or July 20, 1962, the respective dates of the application for retirement and the retirement. Both of these dates were after the verdict of the jury in the Federal court, but before the judgment of sentences on August 2, 1962. The resolution of the question thus posed depends upon whether the term " conviction " in the context of section 30 of the Public Officers Law is to be construed as including not only a verdict or plea of guilty but also a judgment thereon by the court.

As was well stated in *Matter of Jones* v. *Kelly* (9 A D 2d 395, 397): " For scores of years courts have wrestled with the problem of the meaning of the word ' conviction ' ". Many of the cases are reviewed in *Matter of Jones* and the conclusion is reached (p. 399) that " in the search for the meaning of the word ' conviction ' or the phrase ' judgment of conviction ' there is

no fixed significance to them and courts are free to look for the legislative intent."

While the word " conviction " may be ambiguous (*Matter of Lewis* v. *Carter,* 220 N. Y. 8, 16), there seems to be a guiding principle that emerges from the cases, and that is that where disabilities, disqualifications or forfeitures are to follow from a " conviction " there is no " conviction " in the eyes of the law unless a sentence is imposed or pronounced and a judgment of conviction entered thereon. (For decisions in this and other States, see Ann. 79 ALR 2d 866–873; 71 ALR 2d 593–605; 36 ALR 2d 1238–1241; 30 Col. L. Rev. 1045–1050.)

In the leading case of *People* v. *Fabian* (192 N. Y. 443), it was held that the word " convicted " as then used in the Constitution of the State of New York (directing that the Legislature enact laws excluding from the right to suffrage all persons convicted of bribery or of any infamous crime), and the word " convicted " as incorporated in the legislation enacted pursuant to the constitutional direction, must be construed as implying a judgment based on a verdict of guilty. In that case it was held that a person, against whom sentence had been suspended after verdict, had not been " convicted " within the meaning of the Constitution or the statutes enacted in pursuance thereof. The court quoted (pp. 449–450) with approval the language of the dissenting opinion of Mr. Justice CLARKE in the Appellate Division that " where disabilities, disqualifications and forfeitures are to follow upon a conviction, in the eye of the law, it is that condition which is evidenced by sentence and judgment ".

Some confusion has arisen in the cases as to whether suspension of sentence, as was done in *People* v. *Fabian* (*supra*), constitutes a judgment of the court which finalizes a conviction. In fact, most of the cases relied on by respondent involve situations where after a verdict or plea of guilty, sentence was suspended and the defendant placed on probation. *Matter of Robinson* v. *Board of Regents* (4 A D 2d 359, mot. for lv. to app. den. 3 N Y 2d 708) raised the question as to whether a license to practice medicine had properly been revoked pursuant to section 6514 of the Education Law which provided for the revocation of the license of a physician who had been " convicted of a felony ". There the defendant had pleaded guilty to a felony, had been sentenced to a New York penitentiary, but execution of the sentence had been stayed and the defendant placed on probation. The holding in *Matter of Robinson* is that the term " convicted " as used in section 6514 of the Education Law meant a finding of guilt and a judgment of sentence, whether imprisonment is imposed or execution of the sentence suspended.

The same ruling was made in a case where a dentist received a suspended sentence upon a plea of guilty. (*Matter of Weinrib* v. *Beier*, 269 App. Div. 481, mot. for lv. to app. den. 294 N. Y. 628. See, also, *Matter of Richetti* v. *New York State Bd. of Parole*, 300 N. Y. 357.)

There is no inconsistency in holding that a judgment must follow a plea or verdict of guilty to constitute a " conviction " and in determining that a suspended sentence amounts to such a judgment. Section 2188 of the Penal Law, provides that the court authorized to impose sentence upon conviction may, with certain exceptions, suspend sentence or may impose sentence and suspend the execution of the judgment. The finality of a suspension of sentence is further demonstrated by the provisions of section 517 of the Code of Criminal Procedure — which deals with appeals in criminal cases — to the effect that for every purpose of an appeal " a conviction shall be deemed a final judgment although sentence has been or may thereafter be suspended by the court in which the trial was had, or otherwise suspended or stayed ".

Therefore, to constitute a " conviction " within the meaning of paragraph e of subdivision 1 of section 30 of the Public Officers Law, there must not only be an adjudication of guilt, by plea or verdict, but in addition a judgment whether the judgment imposes a sentence or suspends sentence. Cases in other jurisdictions involving the removal of public officers following conviction for crime have reached the same conclusion. (*Smith* v. *Commonwealth*, 134 Va. 589; *Commonwealth* v. *Reading*, 336 Pa. 165.)

The Legislature is not without remedy if there is an intent to broaden the scope of the term " conviction " in statutes to give it the meaning urged by appellants herein. For example, in the Alcoholic Beverage Control Law, it is provided (§ 3, subd. 8) that whenever used in that chapter of the law: " ' Convicted ' and ' conviction ' include and mean a finding of guilt resulting from a plea of guilty, the decision of a court or magistrate or the verdict of a jury, irrespective of the pronouncement of judgment or the suspension thereof."

Since on June 19, 1962 — when petitioner applied for retirement — and on July 20, 1962 — the effective date of retirement — only a jury verdict had been returned in the Federal court, and judgment of sentence was not pronounced in that court until August 2, 1962, petitioner's office did not become vacant under paragraph e of subdivision 1 of section 30 of the Public Officers Law by virtue of the conviction in the Federal court until the earliest on August 2, 1962. Petitioner was therefore a member

in city service at the time he filed his initial application for retirement and at the effective date of retirement.

Since the case may be disposed of upon the ground above stated, we refrain from passing upon the constitutional grounds urged for finding that section 30 of the Public Officers Law does not apply to judicial officers. Constitutional questions should not be decided where a decision may be rested upon an alternative ground which effectively disposes of the litigation. (*Matter of Peters* v. *New York City Housing Auth.*, 307 N. Y. 519, 528; *Congregation Beth Israel* v. *Board of Estimate, N. Y. C.*, 285 App. Div. 629, 633.)

So, too, we find it unnecessary to express an opinion upon the disposition of the supplementary application for retirement based upon petitioner's status as a veteran made after the board had rejected the initial application. Obviously, the additional application was made only as a result of the refusal to retire petitioner upon the basis of the first application. Since we have held that retirement should have been granted on the first application, the effectiveness of the second application becomes immaterial.

The order should therefore be affirmed, without costs.

McNally and Bastow, JJ. (concurring). We concur in the result solely on the ground that subdivision 2 of section B3–36.0 of the Administrative Code does not condition the retirement of an honorably discharged veteran of the armed forces on being in service at the time of the application for or effective date of retirement. Consequently, under said section the alleged misconduct is irrelevant.

Botein, P. J., and Breitel, J., concur with Valente, J.; McNally and Bastow, JJ., concur in result in opinion.

Order entered on January 23, 1963 unanimously affirmed, without costs.

