■ In the Matter of Robert H. Rapp, Appellant, v New York City Employees' Retirement System et al., Respondents.—Judgment, Supreme Court, New York County, entered December 19, 1975, dismissing petitioner's application, pursuant to CPLR article 78 to annul the determination of respondents, denying both of his retirement applications, unanimously reversed, on the law, without costs and disbursements, the judgment vacated and said application granted to the extent of annulling the denial of

retirement benefits under subdivision 2 of section B3-36.0 of the Administrative Code of the City of New York, and granting the application therefor. Petitioner's applications for retirement, first as a "member in city-service" (Administrative Code, § B3-36.0, subd 1) and later as an honorably discharged veteran of the armed services (§ B3-36.0, subd 2), were both denied because, prior to the scheduled dates of his retirement under each submission, he had been dismissed from the New York City Transit Authority for misconduct. Though petitioner concedes that his claim for pension benefits under subdivision 1 of section B3-36.0 of the Administrative Code (and under § B3-36.3, subd h, par [4], which respondents contend is the section under which he actually filed) is barred because he was not "in city-service" at the time specified for his retirement (see *Matter of Eberle v La Guardia*, 285 NY 247), he is nevertheless persuasive in arguing that he is entitled to a veteran's retirement benefit. Unlike subdivision 1 of section B3-36.0, which applies to a "member in city-service", subdivision 2 states, in pertinent part: "Notwithstanding any other provisions of this section or the provisions of any other section of the code to the contrary, a member who is an honorably discharged member of any branch of the armed services of the United States, having served as such during the time of war and who has attained the age of fifty years, may retire upon his own request upon written application to the board setting forth at what time not less than thirty days subsequent to the execution and filing ,thereof his desires to be retired, provided that such member at the time so specified for his retirement shall have completed at least twenty-five years of allowable service." "Member", as used in the quoted section, means "any person included in the membership of the retirement system as provided in section B3-3.0 of the code." (Administrative Code, § B3-1.0, subd 6.) And while section B3-3.0 (with an exception not here relevant), provides, generally, that "All persons in city-service" shall be members of the retirement system, such membership may continue, in circumstances here applicable, when a former employee is "out of city-service". (See Administrative Code, § B3-31.0; concurring opn in *Matter of Keogh v Wagner*, 20 AD2d 380, 386, affd 15 NY2d 569.) Concur—Markewich, J. P., Murphy, Birns, Capozzoli and Nunez, JJ.