THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARTY PRUITT, Defendant-Appellant.

Fourth District   No. 13400

Opinion filed December 2, 1976.—Supplemental opinion filed upon denial of rehearing February 25, 1977.

Richard J. Wilson and John L. Swartz, both of State Appellate Defender's Office, of Springfield, for appellant.

Richard J. Doyle, State's Attorney, of Danville (G. Michael Prall and Jeffrey B. Levens, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals his conviction for the offense of escape (Ill. Rev. Stat. 1975, ch. 38, par. 31—6(a)). Defendant was found guilty upon a jury verdict and sentenced to two to six years imprisonment.

The indictment charged that defendant had escaped on March 9, 1975,

"in that he being then and there convicted of a felony, to-wit: armed robbery, did intentionally escape from the Vermilion County jail." On March 7, two days prior to the alleged escape, a jury returned a verdict of guilty of armed robbery and judgment was entered on that verdict.

Defendant argues that the cause should be reversed by reason of a fatal variance between the charge and the proof in that at the time of the escape defendant had not yet been sentenced for the offense and a conviction is not final until sentence has been imposed.

Section 31—6(a) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 31—6(a)) provides:

> "(a) A person convicted of a felony, or charged with the commission of a felony who intentionally escapes from any penal institution or from the custody of an employee of that institution commits a Class 2 felony."

While a conviction is not final for purposes of appeal until sentence is imposed, that is not the issue here.

Sections 2—5 of the Criminal Code and 5—1—5 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, pars. 2—5 and 1005—1—5) each define conviction:

> " ' Conviction' means a judgment of conviction *or* sentence entered upon a plea of guilty or upon a verdict or finding of guilty of an offense, rendered by a legally constituted jury or by a court of competent jurisdiction authorized to try the case without a jury." (Emphasis supplied.)

In *People v. Johnson* (1975), 34 Ill. App. 3d 38, 40, 339 N.E.2d 325, 327, it is said:

> "The word 'or' in the statute must be accorded significance; whenever this disjunctive is used, the members of the sentence it connects are to be taken separately."

Here, the use of the disjunctive "or" indicates a legislative intent that conviction had occurred when a judgment is entered upon a jury verdict by the trial court. The fact that the statutory offense applies equally to one simply charged with a felony who escapes from a penal institution negates a legislative intent that the offense defined requires a final appealable judgment to be proved as an element.

In this case the evidence showed that the jury had returned a verdict of guilty for the offense of armed robbery and that judgment had been entered upon such verdict, and consequently the proof supported the offense charged.

The judgment of conviction and sentence is affirmed.

Affirmed.

GREEN and REARDON, JJ., concur.

## SUPPLEMENTAL OPINION UPON DENIAL OF REHEARING

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

A petition for rehearing reflects that the sentence imposed for this offense was ordered to be served consecutively to a sentence of 5 to 15 years imposed upon a conviction for armed robbery, but that upon appeal such conviction was reversed and remanded for a new trial.[1]

By reason of such reversal and remandment upon appeal there is presently no sentence for armed robbery to which this sentence for escape may be served consecutively.

The conviction and sentence of 2 to 6 years for escape are affirmed, the cause is remanded to the trial court with directions to issue an amended mittimus to reflect that the sentence imposed is not consecutive to any lawful sentence.

Affirmed, cause remanded with directions.

GREEN and REARDON, JJ., concur.

---
[1]See *People v. Pruitt* (1976), 44 Ill. App. 3d 161.