THE PEOPLE *ex rel.* ROBERT GROGAN *et al.*, Plaintiffs-Appellants, *v.* DEAN J. LISINSKI, Defendant-Appellee.

First District (5th Division)   No. 83—268

Opinion filed March 8, 1983.

Burton S. Odelson and Mark H. Sterk, both of Evergreen Park, for appellants.

Sheldon Gardner and George C. Pontikes, both of Foss, Schuman & Drake, of Chicago, for appellee.

JUSTICE MEJDA delivered the opinion of the court:

The question presented in the instant appeal is whether a finding of guilty without an imposition of sentence constitutes a "conviction" for purposes of ouster from an elective office.

The facts are not in dispute. Defendant Dean J. Lisinski was elected to a four-year term as president[1] of the village of Justice, Illinois, on April 17, 1981. On November 12, 1982, he was found guilty in the United States District Court on three counts of extortion. After the denial of various post-trial motions, sentencing was set for March 7, 1983.

Illinois statutes provide that an elective office becomes vacant when the office holder is convicted of an infamous or a disqualifying crime. (Ill. Rev. Stat. 1981, ch. 24, par. 3—4—5; ch. 46, pars. 25—2, 29—15.) If a vacancy occurs in an elective office more than 130 days before the next general municipal election, the vacancy is to be filled at the next election. If the vacancy occurs less than 130 days before the next election, the vacancy is to be filled through appointment by the board of trustees. (Ill. Rev. Stat. 1981, ch. 24, par. 3—4—6.) The next general municipal election of the village of Justice is scheduled to take place on April 12, 1983.

---

[1]The "president" of a village may be referred to as "mayor" and the terms are used interchangeably. Ill. Rev. Stat. 1981, ch. 24, pars. 1—1—2(8), 1—1—2.1.

· Plaintiff Robert Grogan is a citizen who desires to run for the office of president of the village of Justice in the upcoming election. On December 27, 1982, pursuant to leave of court, plaintiff filed a complaint in *quo warranto* for judgment of ouster and other relief predicated thereon. Defendant filed a motion to dismiss. The trial court ·dismissed the complaint as premature holding that, for purposes of ouster, an elected official is convicted only upon sentencing. Plaintiff appeals.[2]

OPINION

The Illinois Constitution, article XIII, section 1, provides that: "A person convicted of a felony, bribery, perjury or other infamous crimes shall be ineligible to hold an office created by this Constitution. \*\*\*."

Section 3—4—5 of the Illinois Municipal Code in pertinent part states:

> "A vacancy occurs in the office of mayor by reason of \*\*\* conviction of a disqualifying crime \*\*\*." Ill. Rev. Stat. 1981, ch. 24, par. 3—4—5.

The Election code contains the following:

> "Every elective office shall become vacant on the happening of either of the following events, before the expiration of the term of such office:

> \* \* \*

> Fifth—His conviction of an infamous crime, or of any offense involving a violation of official oath." Ill. Rev. Stat. 1981, ch. 46, par. 25—2.

> "Any person convicted of an infamous crime as such term is defined in Section 124—1 of the Code of Criminal Procedure of 1963, as amended, shall thereafter be prohibited from holding any office of honor, trust, or profit \*\*\*." Ill. Rev. Stat. 1981, ch. 46, par. 29—15.

Plaintiff contends that the November 12, 1982, finding of guilty constituted a conviction and thereby created a vacancy in the office of president as of that date. He, therefore, argues that as the vacancy occurred more than 130 days before the next election, the office must be filled by the electorate. Defendant argues that a conviction occurs and the office is vacated only upon imposition of the sentence. Under that construction the vacancy had not yet occurred at the time the complaint was filed, and the complaint was, therefore, premature.

---

[2]Defendant's motion for transfer of appeal to the Illinois Supreme Court pursuant to Rule 302(b) (73 Ill. 2d R. 302(b)) was denied on February 9, 1983.

Plaintiff cites several statutory provisions in support of his position. Section 2—5 of the Criminal Code of 1961 defines conviction as "a judgment of conviction *or* sentence entered upon a plea of guilty or upon a verdict or finding of guilty of an offense ***." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 38, par. 2—5.) In interpreting this provision the court, in *People v. Pruitt* (1976), 45 Ill. App. 3d 399, 359 N.E.2d 1051, stated that "the use of the disjunctive 'or' indicates a legislative intent that conviction had occurred when a judgment is entered upon a jury verdict by the trial court." (45 Ill. App. 3d 399, 400, 359 N.E.2d 1051, 1052.) Plaintiff also cites section 5—1—19 of the Unified Code of Corrections which provides: " 'Sentence' is the disposition imposed by the court on a *convicted* defendant." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 38, par. 1005—1—19.) After examining these definitions, we note that each is expressly intended to interpret the provisions of the code or chapter in which it appears and, furthermore, that the designated meanings are not applicable where a particular context clearly requires a different meaning. (Ill. Rev. Stat. 1981, ch. 38, pars. 2—5, 1005—1—1.) The definitions urged by plaintiff are, therefore, not controlling in the instant case.

It is widely acknowledged that the meaning of the term "convicted" or "conviction" varies according to the context in which it appears and the purpose to which it relates. (*Conlow v. State* (Del. 1982), 441 A.2d 638; *Kitsap County Republican Central Committee v. Huff* (1980), 94 Wash. 2d 802, 620 P.2d 986; *State v. Wagenius* (1978), 99 Idaho 273, 581 P.2d 319; *Vasquez v. Courtney* (1975), 272 Or. 477, 537 P.2d 536; *State v. Hanna* (Iowa 1970), 179 N.W.2d 503; *Commonwealth v. Reynolds* (Ky. 1963), 365 S.W.2d 853.) The popular meaning of conviction relates to a determination of guilt, even absent entry of a record judgment. (*People v. Goetz* (1975), 27 Ill. App. 3d 680, 327 N.E.2d 516.) The more technical definition requires a final judgment entered on such a determination. The final judgment in a criminal case is the imposition of a sentence. *People v. Dixon* (1982), 91 Ill. 2d 346, 438 N.E.2d 180; *People v. Lilly* (1974), 56 Ill. 2d 493, 309 N.E.2d 1.

In finding that defendant in the instant case was not "convicted" for purposes of the statutes relating to ouster, we are persuaded by and adopt the reasoning of the Delaware Supreme Court in *Slawik v. Folsom* (Del. 1979), 410 A.2d 512. In *Slawik* the plaintiff, tried for making false declarations before a grand jury, was removed from an elective office after he was found guilty but prior to sentencing. The question before the court was whether plaintiff had been "convicted" within the meaning of that word as used in article XV, section 6 of

the Delaware Constitution. That section provides in part that "the Governor shall remove from office any public officer convicted of misbehavior in office or of any infamous crime." The court held that the plaintiff was not convicted until the district court had finalized the trial process by entering a final judgment of conviction by the imposition of sentence.

In reaching its decision in *Slawik*, the Delaware Supreme Court stated that " 'distinction must be made between a conviction which is a final judgment, and a plea or verdict of guilty which is only an element of a conviction.' " (*Slawik v. Folsom* (Del. 1979), 410 A.2d 512, 515, citing *Fonville v. McLaughlin* (Del. 1970), 270 A.2d 529, 531.) The court noted that the debates relating to article XV, section 6, refer to the word "convicted" as meaning convicted by a court in order to assure a public official subject to removal of his or her "day in Court." (See *State ex rel. Green v. Collision* (Del. Super. Ct. 1938), 39 Del. 245, 197 A. 836, 842-44.) The accused in a jury trial on a criminal charge is not, therefore, convicted until he has had his day in court, which day ends only upon completion of the entire trial process including (1) the opportunity of the trial judge to correct any error in the trial, either *sua sponte* or upon appropriate motion; and (2) the imposition of sentence. *Slawik* held that the term "convicted," as it was used to create a disability to hold public office, is construed to mean judgment of conviction consisting of a determination of guilt by plea or verdict followed by the imposition of sentence.

The conclusion in *Slawik* is supported by authorities in other jurisdictions. (See Annot., 71 A.L.R.2d 593 (1960).) When construing a constitutional provision similar to the statutes at issue in the instant case, the Supreme Court of Pennsylvania stated that the word "convicted" can mean only a final judgment of sentence and not merely a verdict of guilty rendered by a jury. (*Commonwealth ex rel. McClenachan v. Reading* (1939), 336 Pa. 165, 6 A.2d 776.) This rule was followed in *Keogh v. Wagner* (1964), 20 App. Div. 2d 380, 247 N.Y.S.2d 269, *aff'd* (1964), 15 N.Y.2d 569, 254 N.Y.S.2d 833, 203 N.E.2d 298, where the court stated that "where disabilities, disqualifications or forfeitures are to follow from a 'conviction' there is no 'conviction' in the eyes of the law unless a sentence is imposed or pronounced and a judgment of conviction entered thereon." 20 App. Div. 2d 380, 384, 247 N.Y.S.2d 269, 272-73. See also *Smith v. Commonwealth* (1922), 134 Va. 589, 113 S.E. 707.

Plaintiff relies upon *People ex rel. Keenan v. McGuane* (1958), 13 Ill. 2d 520, 150 N.E.2d 168, for the proposition that conviction occurs upon the rebuttal of defendant's presumption of innocence. Plaintiff

concludes that defendant, therefore, would have been convicted when the finding of guilty was made. In *Keenan* it was not disputed that the official subject to ouster had been convicted of an infamous crime as he had been found guilty and sentenced. Instead, the issue before the court was whether a convicted official was entitled to a stay of ouster during the pendency of his appeal. Although the court's ruling that ouster is not stayed under such circumstances is not controlling in the instant case, *Keenan* supports our conclusion in stating:

> "Under the constitutions and statutes of sister States creating a vacancy in public office where the incumbent has been convicted of a felony, it is generally held that the office is vacated upon a verdict of guilty and that an appeal does not stay the effect of such vacancy. These decisions are generally predicated upon the theory that after a plea or verdict of guilty, judgment, *and sentence* by a court of competent jurisdiction, the presumption of innocence which, up to that time, had persisted in favor of the defendant, no longer prevails ***." (Emphasis added.) 13 Ill. 2d 520, 536, 150 N.E.2d 168, 177.

We find that the cases cited by plaintiff for the proposition that conviction occurs without sentencing are inapposite. As stated above, we acknowledge that the term "conviction" is susceptible to more than one meaning. The meaning ascribed to that term in a particular situation is determined by its context and purpose. The cases cited by plaintiff are factually distinguishable from the instant case and, therefore, the fact that they hold that conviction occurs upon a determination of guilt is neither controlling nor persuasive in the resolution of the case at bar.

██ █ After a careful review of the applicable authorities we find that the district court's November 12, 1982, finding of guilty did not constitute a conviction of defendant, as the term conviction is used in the Illinois Constitution and statutes relating to ouster. (Ill. Const. 1970, art. XIII, sec. 1; Ill. Rev. Stat. 1981, ch. 24, par. 3—4—5; ch. 46, pars. 25—2, 29—15.) In our opinion the use of the term "conviction" contemplates more than a mere finding of guilt. Rather, a public official subject to removal is entitled to the benefit of the entire trial process, which process is not completed upon a finding by the court or verdict by the jury. The trial process ends and the accused is "convicted" when the sentence is imposed. Such an interpretation is consistent with the purpose of the statutes and yet assures the public official of his or her "day in Court." See *Slawik v. Folsom* (Del. 1979), 410 A.2d 512, 515.

In view of our disposition of the foregoing issue, we need not con-

sider the other relief sought by plaintiff based thereon or the other issues presented in defendant's brief.

For the reasons stated, the order of the trial court is affirmed.

Affirmed.

WILSON, P.J., and O'CONNOR, J., concur.