THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY W. NEWBOLDS, Defendant-Appellant.

Fifth District   No. 5—88—0709

Opinion filed March 1, 1990.

Daniel M. Kirwan and Michelle A. Zalisko, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Charles Garnati, State's Attorney, of Marion (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Prosecutor's Office, and Robert W. Mueller, of counsel), for the People.

JUSTICE HOWERTON delivered the opinion of the court:

Defendant escaped from the Williamson County jail while being held there after he had been found guilty of, but not yet sentenced

for, unlawful use of weapons by a felon.

Defendant was charged with escape. The information charged that he had escaped on June 23, 1988,

> "in that [defendant] having been convicted of the offense of Unlawful Use of Weapons by a Felon *** intentionally escaped from the Williamson County Jail."

Section 31—6(a) of the Illinois Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 31—6(a)) provides:

> "A person convicted of a felony, or charged with the commission of a felony who intentionally escapes from any penal institution or from the custody of an employee of that institution commits a Class 2 felony ***."

Defendant appeals, contending that he had only been found guilty, but was not convicted, and therefore, his conviction for escape must be reversed. He argues that there can be no conviction until sentence is imposed, and a mere finding of guilt is not a conviction, and he points to section 2—5 of the Criminal Code of 1961 and section 5—1—5 of the Unified Code of Corrections which define "conviction" as follows:

> " 'Conviction' means a judgment of conviction or sentence entered upon a plea of guilty or upon a verdict or finding of guilty of an offense, rendered by a legally constituted jury or by a court of competent jurisdiction authorized to try the case without a jury." Ill. Rev. Stat. 1987, ch. 38, pars. 2—5, 1005—1—5.

The adoption of defendant's way of reading the statute leads to this result: a person who has been sentenced for a felony can commit a felonious escape; a person who is in jail awaiting trial for a felony can commit a felonious escape; but, a person who has been found guilty of a felony but who has not yet been sentenced cannot commit escape, felonious or otherwise.

Focusing on the statute, it may be viewed as if it were a spectrum. If it is read as defendant urges, the spectrum of those capable of escape consists of two bands. One band in the spectrum is made up of all those who have been arrested, but are awaiting trial. The remaining band is made up of all those who have been sentenced. But, between these bands is a black hole—and that black hole is made up by those who have been found guilty, but not yet sentenced. Defendant argues, therefore, that none who are in this black hole are capable of committing escape.

■■ Instead of this reading, we see the statute as intending to render all who are arrested and in jail capable of committing escape.

The statute should be read with the disjunctive "or" not being a word of exclusion, but rather one that extends the spectrum upward from the pastel hue of "arrest," through the brighter, more primary shade "arrested, tried, found guilty, but not yet sentenced" and on upward still to the shining, neon brilliance of "tried, found guilty and sentenced." Read this way, there is no black hole. The law should presume against black holes being found smack in the middle of a statute; after all, the other parts eventually gravitate toward the black hole, which inevitably will swallow the intention of the legislature.

Defendant's conduct falls within the proscription of the statute, his argument to the contrary notwithstanding. See *People v. Pruitt* (1976), 45 Ill. App. 3d 399, 400, 359 N.E.2d 1051, 1052.

■■ Defendant lastly contends that the imposition of an extended term to be served consecutively to his conviction for unlawful use of firearm by a felon is an abuse of discretion. Defendant's conviction for escape is a Class 2 felony, which is usually punishable by a determinate penal sentence of not less than three years' and not more than seven years' imprisonment. (Ill. Rev. Stat. 1987, ch. 38, pars. 31—6(a), 1005—8—1(a)(5).) Due to defendant's conviction in 1980 for burglary, a Class 2 felony (Ill. Rev. Stat. 1979, ch. 38, par. 19—1(b)), defendant was eligible to be sentenced to an extended determinate penal sentence of not less than seven years' and not more than 14 years' imprisonment. Ill. Rev. Stat. 1987, ch. 38, pars. 1005—5—3.2(b)(1), 1005—8—2(a)(4).

The presentence report reveals an extensive history of criminality in addition to the burglary conviction: 1980, attempted escape, Florida, one-year suspended sentence; two theft convictions in Illinois; 1983, two counts of aggravated battery, two consecutive five-year terms of imprisonment; 1988, 364 days' imprisonment, battery; and 1988, unlawful use of weapons by a felon, nine years' imprisonment. He has juvenile adjudications starting from the time he was 13.

In sentencing defendant, the court stated:

"You're going to have to receive *some punishment.* Society has to be protected against these wrong-doings. You are not prone to want to live in society and obey the rules. You have a variety of things here—you have escape, an attempted escape, burglary, two counts of theft, plus other things. I don't know what you might get into next, if anything. But there is before me a history of your having been prone to want to violate the criminal laws and not get along in organized society. You have not seemingly corrected that in anyway. One comes on the heel of another."

Defendant contends that the trial court failed to consider his excellent work record. The presentence report indicates that defendant operated a body shop during the three months he was on mandatory supervised release. So he worked three months. That still did not stop him from committing unlawful use of weapons by a felon soon after being released from prison. A Menard Correctional Center employee told the probation officer that defendant was a hard worker on a construction crew and that he was allowed to work outside of the fence. That is good so far as it goes. But it does not change the fact that his criminal record does not spark hope of his early rehabilitation. An ability to conform to the rules of the Department of Corrections reveals nothing about a defendant's character except that the defendant can exist in the highly structured environment of a prison without endangering others. See *Franklin v. Lynaugh* (1988), 487 U.S. 164, 185, 101 L. Ed. 2d 155, 173, 108 S. Ct. 2320, 2332 (O'Connor, J., concurring).

Defendant lastly contends that the court should have given more weight to his trial defense that he escaped because he was concerned that his fiancee was abusing drugs and alcohol, which led to the neglect of her 11-year-old son. The court did consider defendant's trial testimony concerning the reasons for escape; however, it could also have rejected those reasons, as well as defendant's statement that he intended to return to jail, as self-serving. It is not the function of this court to reweigh the factors which led to the imposition of the sentence. (*People v. Joy* (1986), 150 Ill. App. 3d 310, 318, 501 N.E.2d 1325, 1331.) Defendant's almost constant contact with the criminal justice system since the age of 13 renders this court unable to find that the sentence is an abuse of discretion. (See *People v. Perruquet* (1977), 68 Ill. 2d 149, 154, 368 N.E.2d 882, 884.) This court cannot hold that the trial court erred in imposing both a consecutive and extended-term sentence to protect the public from further criminal activity by defendant. See Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—4(b).

The judgment of the circuit court is affirmed.

Affirmed.

LEWIS, P.J., and WELCH, J., concur.