THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID J. AMBROSIO, Defendant-Appellant.

Second District    No. 2—02—0315

Opinion filed June 19, 2003.

Matthew M. Litvak, of Chicago, for appellant.

Meg Gorecki, State's Attorney, of St. Charles (Martin P. Moltz and Joan M. Kripke, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE O'MALLEY delivered the opinion of the court:

Defendant, David J. Ambrosio, was charged with the Class 4 felony of unlawful use of a credit card. He pleaded guilty to attempted unlawful use of a credit card (Ill. Rev. Stat. 1991, ch. 17, par. 5921), a Class A misdemeanor. He was sentenced to 18 months' conditional discharge, fined $200, and ordered to pay $800 restitution. Defendant completed his conditional discharge on December 22, 1993. On September 24, 2001, he petitioned to have his arrest record expunged. The circuit court denied the petition due to defendant's conviction. Defendant appeals, and we affirm.

Defendant contends that the order entered by the trial court after his guilty plea was not final and did not include an adjudication of guilt or a conviction, allowing him to have his record expunged. The State argues that this court does not have jurisdiction to evaluate defendant's claim that the judgment is void because such an appeal must be filed within 30 days of the order. The State's claim of lack of jurisdiction is misdirected. The order that defendant is appealing is the order denying his petition to expunge. The notice of appeal was filed within days of this order, and we therefore have jurisdiction to entertain this appeal.

Section 5(a) of the Criminal Identification Act states:

"Whenever an adult or minor prosecuted as an adult, not having previously been convicted of any criminal offense or municipal ordinance violation, charged with a violation of a municipal ordinance or a felony or misdemeanor, *is acquitted or released without being convicted,* *** the presiding trial judge at the defendant's trial *may* upon verified petition of the defendant order the record of arrest expunged from the official records of the arresting authority and the Department and order that the records of the clerk of the circuit court be sealed until further order of the court upon good cause shown ***." (Emphasis added.) 20 ILCS 2630/5(a) (West 2000).

In this case, the judge apparently decided that he did not have the discretion to expunge defendant's arrest record due to defendant's conviction. Since we will be applying law to undisputed facts, we review the circuit court's decision *de novo*. See *People v. Coleman*, 183 Ill. 2d 366, 387-88 (1998).

Defendant recognizes that one must have been "released

without being convicted" to be eligible for arrest record expungement. *People v. Satterwhite*, 319 Ill. App. 3d 931, 933-34 (2001). A strict definition of the term "convicted" requires that a final judgment is actually entered on a determination of guilt. *People ex rel. Grogan v. Lisinki*, 113 Ill. App. 3d 276, 279 (1983). We first examine whether the judgment includes an adjudication of guilt. A judgment is generally construed like other written instruments, with the determinative factor being the court's intent, as gathered from all parts of the judgment itself. *Fieldcrest Builders, Inc. v. Antonucci*, 311 Ill. App. 3d 597, 605 (1999). An unambiguous judgment must be enforced as drafted, but an ambiguous judgment can be read and construed in conjunction with the entire record. *Fieldcrest Builders, Inc.*, 311 Ill. App. 3d at 605. Defendant believes that he did not receive an adjudication of guilt because, on the judgment, the trial judge did not place an "x" next to the box, "The court having found the defendant guilty of __." The judge did, however, complete the sentence with the phrase "attempted unlawful use of a credit card 38 8—4 17—5921 Class A." As this order was entered after defendant's guilty plea, we find that it does contain a determination of guilt.

Additionally, we note that the trial court ordered restitution in the amount of $800 as part of the disposition. An adjudication of guilt is contemplated by statute when restitution is imposed as a condition in a sentence of probation or of conditional discharge. See *People v. Breen*, 26 Ill. App. 3d 547, 549 (1975).

The term "convicted" also requires that a final judgment is entered on defendant's determination of guilt. *Lisinski*, 113 Ill. App. 3d at 279. The final judgment in a criminal case is the imposition of a sentence. *Lisinski*, 113 Ill. App. 3d at 279. In this case, defendant was sentenced to 18 months' conditional discharge, as written in the judgment, giving it the status of a final judgment. As such, defendant was convicted and is not eligible to have his arrest record expunged.

A few cases do exist in which defendants pleaded guilty and were sentenced to probation, but were still treated as having been "released without being convicted" and allowed to have their records expunged. In *People v. Kane*, 85 Ill. App. 3d 252 (1980), the defendant pleaded guilty to possession of cannabis. The Cannabis Control Act provided:

"(e) Upon fulfillment of the terms and conditions of probation, the court shall discharge such person and dismiss the proceedings against him.

(f) A disposition of probation is considered to be a conviction for the purposes of imposing the conditions of probation and for appeal, however, discharge and dismissal under this Section is not a conviction for purposes of disqualification or disabilities imposed by

law upon conviction of a crime ***." Ill. Rev. Stat. 1979, ch. 56½, pars. 710(e), (f).

The appellate court reasoned that, since the defendant had been discharged, the criminal proceedings against him had been dismissed, and the discharge and dismissal were not to be a "conviction for purposes of disqualification or disabilities imposed by law" for a criminal conviction, the trial court had the discretionary authority to expunge the defendant's record. *Kane*, 85 Ill. App. 3d at 253; see also *People v. Hansen*, 185 Ill. App. 3d 560, 564 (1989) (*Kane* rationale also applies to the Illinois Controlled Substances Act (Ill. Rev. Stat. 1987, ch. 56½, par. 1410), which has wording similar to the Cannabis Control Act). However, in this case, defendant was convicted under the Illinois Credit Card and Debit Card Act (Ill. Rev. Stat. 1991, ch. 17, par. 5901 *et seq.*), which does not contain an equivalent provision.

For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

McLAREN and GROMETER, JJ., concur.