(text box: 1) NO. 5-04-0298

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

________________________________________________________________________

MORRIS D. HUNT, )  Appeal from the

)  Circuit Court of

     Plaintiff-Appellant, )  St. Clair County.

)

v. )  No. 02-L-60

)

FARMERS INSURANCE EXCHANGE, )

TRUCK INSURANCE EXCHANGE, FIRE )

INSURANCE EXCHANGE, MID-CENTURY )

INSURANCE COMPANY, FARMERS NEW )

WORLD LIFE INSURANCE COMPANY, )

and ILLINOIS FARMERS INSURANCE )

COMPANY, )  Honorable

)  Richard A. Aguirre,

     Defendants-Appellees. )  Judge, presiding.

________________________________________________________________________

JUSTICE KUEHN delivered the opinion of the court:

The plaintiff, Morris D. Hunt (Hunt), was an independent insurance agent for the insurance defendants from 1988 until he was terminated in July 1999, after a jury found him guilty of money laundering and conspiracy to distribute cocaine and "crack" cocaine base.  Hunt then brought suit against the defendants for breach of contract, arguing that under the "Agent Appointment Agreement," he should not have been officially terminated until 10 months later, when he was sentenced and a formal judgment of conviction was entered on the court record in May 2000.  The parties filed cross-motions for summary judgment on the issue of when Hunt was "convicted" under the terms of the contract.  After applying the "plain, ordinary, popular, and natural meaning" to the term "conviction," the trial judge found that Hunt was "convicted" under the terms of the contract when the jury returned its guilty verdict.  Accordingly, the trial court denied Hunt's motion for a summary judgment, granted the defendants' motion for a summary judgment, and entered a judgment in favor of the defendants.  Hunt now appeals.  

In determining the appropriateness of a summary judgment, the trial judge strictly construes all the evidence in the record against the movant and liberally in favor of the opponent.  
Purtill v. Hess
, 111 Ill. 2d 229, 240, 489 N.E.2d 867, 871 (1986).  The court must consider all the pleadings, depositions, admissions, and affidavits on file to decide if there is any genuine issue of material fact.  
Myers v. Health Specialists, S.C.
, 225 Ill. App. 3d 68, 72, 587 N.E.2d 494, 497 (1992).  On appeal, we review summary judgment orders 
de novo
.  
Myers
, 225 Ill. App. 3d at 72, 587 N.E.2d at 497.

As stated above, the parties' relationship was governed by an "Agent Appointment Agreement."  Under paragraph C of this agreement, the contract could be "terminated immediately by mutual consent or by [the defendants]" for the following reasons:

"1. Embezzlement of monies belonging to [the defendants].

2. Switching insurance from [the defendants] to another carrier.

3. Abandonment of the Agency.

4. Conviction of a felony.

5. Willfull [
sic
] misrepresentation that is material to the operation of the Agency."

On June 22, 1999, a federal jury found Hunt guilty of money laundering and conspiracy to distribute cocaine and "crack" cocaine base.  On July 19, 1999, the defendants sent a letter to Hunt advising him as follows: "Your Agency Appointment Agreement with [the defendants] is being terminated immediately, effective July 23, 1999[,] per Paragraph C of [the Agreement]."  The defendants also paid Hunt $37,959.44, which, after deductions for outstanding loans and overpayments, represented the "contract value" pursuant to another provision in the "Agency Appointment Agreement."  By granting the defendants' motion for a summary judgment, the trial court upheld the defendants' interpretation of the contract–that Hunt could be terminated when the jury returned its verdict finding Hunt guilty of a felony.     On appeal, Hunt argues that the term "conviction" as found in the contract is ambiguous and should be construed against the defendants, the drafters of the contract.  Thus, Hunt asserts we should find that he was not "convicted" under the terms of the contract until he was formally sentenced–10 months after the jury returned its guilty verdict.  We disagree.  

It has long been held by Illinois courts that words used in a contract must be given their "plain and ordinary meaning."  
Young v. Allstate Insurance Co.
, 351 Ill. App. 3d 151, 158, 812 N.E.2d 741, 749 (2004).  A contract term is not ambiguous merely because it is undefined in the contract, nor does an ambiguity arise " 'because the parties can suggest creative possibilities for its meaning.' "  
Chatham Corp. v. Dann Insurance
, 351 Ill. App. 3d 353, 358, 812 N.E.2d 483, 488 (2004) (quoting 
Lapham-Hickey Steel Corp. v. Protection Mutual Insurance Co.
, 166 Ill. 2d 520, 529, 655 N.E.2d 842, 846 (1995)).  For that matter, if an undefined term has a " 'plain, ordinary, and popular meaning,' " there is no ambiguity and the term should be enforced as written.  
Chatham Corp.
, 351 Ill. App. 3d at 358, 812 N.E.2d at 488 (quoting 
Western Casualty & Surety Co. v. Brochu
, 105 Ill. 2d 486, 495, 475 N.E.2d 872, 876 (1985)).

"It is widely acknowledged that the meaning of the term 'convicted' or 'conviction' varies according to the context in which it appears and the purpose to which it relates.  [Citations.]  The popular meaning of conviction relates to a determination of guilt, even absent entry of a record judgment.  [Citation.]  The more technical definition requires a final judgment entered on such a determination.  The final judgment in a criminal case is the imposition of a sentence.  [Citations.]"  
People ex rel. Grogan v. Lisinski
, 113 Ill. App. 3d 276, 279, 446 N.E.2d 1251, 1253 (1983).

This popular and ordinary definition is confirmed by the standard dictionary definition  of the words "convict" and "conviction":  

"
c
ŏn⋅vi
c
t′
, v.t.; convicted, pt., pp.; convicting, ppr.  ***

1. 
to prove (a person) guilty
; as, the evidence convicts him of theft.

2. to find or declare (a person) guilty of an offense charged; 
as, the jury convicted him of theft
."  (Emphasis added and omitted.)  Webster's New Universal Unabridged Dictionary 400 (2d ed. 1983).

"
c
ŏn⋅vi
c
′tion
, n.  1. 
the act of proving, finding, or determining to be guilty of an offense
; specifically, in law, the act of finding or the state of being found guilty of crime by a law court."  (Emphasis added and omitted.)  Webster's New Universal Unabridged Dictionary 400 (2d ed. 1983).

See 
El Rincon Supportive Services Organization, Inc. v. First Nonprofit Mutual Insurance Co.
, 346 Ill. App. 3d 96, 102, 803 N.E.2d 532, 536 (2004) ("An undefined [contract] term *** is given its plain and ordinary meaning, which can be obtained from a dictionary").  

Hunt's reliance on the definitions of "conviction" found in the Illinois criminal code is misplaced.  First, as held above, these definitions are not the "plain, ordinary, and popular" meaning of the term "conviction."  Second, Hunt was not convicted under Illinois law.  He was convicted under federal law, which considers the sentencing of a defendant who has been found guilty by a jury to be a part of "POST-CONVICTION PROCEDURES."  See Fed. R. Crim. P. tit. VII & R. 32.  

Given this court's determination of the plain, ordinary, and popular meaning of the term "conviction," we find no error in Judge Aguirre's interpretation of the contract at issue.  Under the contract terms, the defendants were entitled to terminate Hunt at the time the jury found him guilty of a felony.  Accordingly, the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

HOPKINS and CHAPMAN, JJ., concur.

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 05/11/05.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.