# Illinois Official Reports

## Appellate Court

---

### *U.S. Bank, National Ass'n v. Reinish*, 2020 IL App (2d) 190175

---

| | |
|---|---|
| Appellate Court Caption | U.S. BANK, NATIONAL ASSOCIATION, as Legal Title Trustee for Truman 2016 SC Title Trust, Plaintiff-Appellee, v. SUSAN M. REINISH, Defendant-Appellant. |
| District & No. | Second District<br>No. 2-19-0175 |
| Rule 23 order filed<br>Motion to<br>publish allowed<br>Opinion filed | April 1, 2020<br><br>April 21, 2020<br>April 21, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 17-CH-1336; the Hon. Luis A. Berrones, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Richard D. Grossman, of Chicago, for appellant.<br><br>Julie L. DeJong, of Codilis & Associates, P.C., of Burr Ridge, for appellee. |

Panel                   JUSTICE BRENNAN delivered the judgment of the court, with opinion.
Presiding Justice Birkett and Justice Zenoff concurred in the judgment and opinion.

## OPINION

¶ 1      Defendant, Susan M. Reinish, appeals from the trial court's order granting summary judgment for plaintiff, U.S. Bank, National Association, as Legal Title Trustee for Truman 2016 SC Title Trust (U.S. Bank). For the following reasons, we affirm.

¶ 2                                     I. BACKGROUND

¶ 3      On May 19, 2006, Reinish executed a promissory note payable to World Savings Bank, FSB, in the amount of $658,000. The note was secured by a mortgage on Reinish's property at 105 Sequoia Lane, Deerfield. Reinish defaulted on her obligation to make monthly payments, beginning on May 1, 2017, and for each month thereafter. On October 2, 2017, Wells Fargo Bank, N.A., as successor by merger to Wachovia Mortgage, FSB, formerly known as World Savings Bank, filed a complaint to foreclose on Reinish's mortgage. U.S. Bank was substituted as plaintiff on February 9, 2019; we will refer to the bank mortgagees collectively as "U.S. Bank." In her answer, filed on March 21, 2018, Reinish generally denied the complaint's written allegations.

¶ 4      On May 3, 2018, U.S. Bank moved for summary judgment, and on August 22, 2018, Reinish filed a memorandum in opposition. Reinish argued for the first time that U.S. Bank had not sent her a notice of acceleration. She claimed that sending such notice was a condition precedent to U.S. Bank filing a complaint for foreclosure and that, since it did not send her the required notice, it had no enforceable right to foreclose. Reinish filed an affidavit stating that she had never received any notice of acceleration.

¶ 5      On September 13, 2018, U.S. Bank filed a reply in support of its motion for summary judgment, asserting that the mortgage contract did not require a notice of acceleration because Reinish defaulted on her obligation to make monthly mortgage payments. It further asserted that Reinish's argument had been otherwise forfeited because she failed to address the issue in her answer to the complaint. U.S. Bank argued that a mere denial that a notice of acceleration had been received was insufficient to create a genuine issue of material fact.

¶ 6      The mortgage provisions underlying the notice-of-acceleration claims are contained in paragraphs 26 and 27 of the mortgage, and they read as follows:

> "26. AGREEMENTS ABOUT LENDER'S RIGHTS IF THE PROPERTY IS SOLD OR TRANSFERRED:
>
> *Acceleration of Payment of Sums Secured.* Lender may, at its option, require immediate payment in full of all Sums Secured by the Security Instrument if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission. Lender also may, at its option, require immediate payment in full if Borrower is not a natural Person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission. However, Lender shall

not require immediate payment in full if this is prohibited by Federal Law in effect on the date of the Security Instrument.

> *If Lender exercises the option to require immediate payment in full, Lender will give me notice of acceleration.* If I fail to pay all Sums Secured by this Security Instrument immediately, Lender may then or thereafter invoke any remedies permitted by this Security Instrument without further notice to or demand on me.

27. RIGHTS OF THE LENDER IF THERE IS A BREACH OF DUTY

It will be called a 'Breach of Duty' if (i) I do not pay the full amount of each payment on the date it is due; or (ii) I fail to perform any of the promises or agreements under the Note or this Security Instrument; or (iii) any statement made in my application for this loan was materially false and misleading or if any statement in my application for this loan was materially false or misleading by reason of my omission of certain facts; or (iv) I have made any other statement to Lender in connection with this loan that is materially false or misleading. *If there is a Breach of Duty by me, Lender may demand an immediate payment of all sums secured*." (Emphases added.)

¶ 7 On September 26, 2018, the trial court heard argument on the motion for summary judgment and ultimately granted the motion. The property was sold at a judicial foreclosure sale on January 8, 2018, and the sale was confirmed without objection. Reinish timely appealed.

¶ 8                                                             II. ANALYSIS

¶ 9 On appeal, Reinish's sole argument is that the trial court erred in granting U.S. Bank's motion for summary judgment because there existed a genuine issue of material fact as to whether U.S. Bank complied with the mortgage contract's condition precedent that it provide a notice of acceleration. In response, U.S. Bank argues that Reinish forfeited this issue because she failed to deny the deemed allegation that proper notice was given, which operated to judicially admit notice of acceleration, pursuant to section 15-1504(c) of the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1504(c) (West 2018)) and Illinois Supreme Court Rule 133(c) (eff. July 1, 1982). In the alternative, U.S. Bank contends that the mortgage did not require a notice of acceleration because, as here, the borrower defaults by reason of nonpayment. Reinish disagrees with this interpretation of the mortgage.

¶ 10 Summary judgment is properly granted where the pleadings, depositions, and admissions on file, together with any affidavits, indicate that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2018). The purpose of summary judgment is not to answer a question of fact, but to determine whether one exists. *Ballog v. City of Chicago*, 2012 IL App (1st) 112429, ¶ 18. Although a drastic means of disposing of litigation, summary judgment is, nonetheless, an appropriate measure to efficiently dispose of a suit when the moving party's right to the judgment is clear and free from doubt. *Gaston v. City of Danville*, 393 Ill. App. 3d 591, 601 (2009). When reviewing a ruling on a motion for summary judgment, we conduct *de novo* review. *Coleman v. East Joliet Fire Protection District*, 2016 IL 117952, ¶ 20.

¶ 11 Our review of U.S. Bank's foreclosure complaint discloses that it scrupulously followed the format prescribed in section 15-1504(a) of the Foreclosure Law (735 ILCS 5/15-1504(a) (West 2018)). Where, as here, the complaint follows the prescribed format, it is statutorily

"deemed and construed to include" certain allegations, even where not specifically set forth in the complaint. *Id.*; see also *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 43. Among these deemed allegations, set forth in section 15-1504(c) is:

> "(9) that any and all notices of default or election to declare the indebtedness due and payable or other notices required to be given have been duly and properly given." 735 ILCS 5/15-1504(c)(9) (West 2018).

¶ 12    Simply put, because U.S. Bank's foreclosure complaint conformed to the format prescribed in section 15-1504(a), it is deemed to allege that U.S. Bank provided Reinish a notice of acceleration. *Id.* Assuming then, as Reinish contends, that a notice of acceleration was a condition precedent to U.S. Bank moving forward with foreclosure, and having found that U.S. Bank properly pled that it provided said notice pursuant to section 15-1504(c)(9)'s deemed-inclusion provision, we next turn to the interplay between Reinish's answer to U.S. Bank's complaint and Rule 133(c) and section 2-610(b) of the Code of Civil Procedure (735 ILCS 5/2-610(b) (West 2018)).

¶ 13    Illinois Supreme Court Rule 133(c) (eff. July 1, 1982) provides:

> "Condition Precedent. In pleading the performance of a condition precedent in a contract, it is sufficient to allege generally that the party performed all the conditions on his part; if the allegation be denied, the facts must be alleged in connection with the denial showing wherein there was a failure to perform."

¶ 14    When interpreting Rule 133(c), Illinois courts have repeatedly held that, where a complaint for breach of contract alleges the performance of a condition precedent, the failure to deny the same with specific facts in a party's responsive pleading results in a forfeiture of the issue of whether the condition precedent was performed. See *Bank of New York Mellon v. Wojcik*, 2019 IL App (1st) 180845, ¶ 21. Indeed, under such circumstances, the nonspecific denial is deemed a judicial admission that cannot later be disputed to defeat a motion for summary judgment. *Id.* ¶ 23.

¶ 15    Our review of Reinish's answer to U.S. Bank's complaint discloses that she neither denied receiving notice of acceleration, nor filed an affirmative defense claiming lack of notice. Accordingly, under Rule 133(c), Reinish is deemed to have judicially admitted U.S. Bank's allegation that proper notice was provided.

¶ 16    Moreover, we reach a similar determination by applying section 2-610(b) of the Code of Civil Procedure, which provides:

> "Every allegation, except allegations of damages, not explicitly denied is admitted, unless the party states in his or her pleading that he or she has no knowledge thereof sufficient to form a belief, and attaches an affidavit of the truth of the statement of want of knowledge, or unless the party has had no opportunity to deny." 735 ILCS 5/2-610(b) (West 2018).

¶ 17    Thus, by not denying this allegation in the complaint, Reinish judicially admitted that she received a notice of acceleration, and she could not properly assert a contrary position in opposition to U.S. Bank's motion for summary judgment.

¶ 18    To escape the above analysis, Reinish urges reliance on the decision in *Cathay Bank v. Accetturo*, 2016 IL App (1st) 152783, where the court reversed a summary judgment order in a mortgage foreclosure case. We find this reliance to be misplaced. In *Accetturo*, summary judgment was reversed, not because the trial court relied upon the mortgagor's failure to deny

- 4 -

notice in answering the foreclosure complaint, but because the court improperly struck the timely filed and properly pled affirmative defenses, claiming that the provided acceleration notices were insufficient under the mortgage contract. *Id.* ¶ 47. Accordingly, the holding in *Accetturo* is of no avail to Reinish.

¶ 19 Given that failure to provide a notice of acceleration is Reinish's sole basis for asserting that there was a genuine issue of material fact precluding entry of summary judgment, and further given this court's conclusion that Reinish has forfeited this argument, the trial court correctly granted summary judgment in U.S. Bank's favor.

¶ 20 Forfeiture aside, we also find that that the clear language of Reinish's mortgage demonstrates that a notice of acceleration was not required because the breach underlying the foreclosure is Reinish's failure to make payments.

¶ 21 A mortgage is a contract between the immediate parties. *Resolution Trust Corp. v. Holtzman*, 248 Ill. App. 3d 105, 111 (1993). The main objective in construing a contract is to give effect to the intent of the parties. *Gallagher v. Lenart*, 226 Ill. 2d 208, 232 (2007). Thus, when construing the language of a contract, we give terms their plain and ordinary meaning. *Hunt v. Farmers Insurance Exchange*, 357 Ill. App. 3d 1076, 1078 (2005). If a term that is undefined by the contract has a plain and ordinary meaning, the term should be enforced as written. *Id.* at 1078-79. Since words derive their meaning from context, the provisions of a contract must be looked at as a whole. *Gallagher*, 226 Ill. 2d at 233.

¶ 22 A reading of the mortgage makes clear that paragraphs 26 and 27 address Reinish's different rights depending on her action or inaction. Paragraph 26 is titled "Agreements About Lender's Rights if the Property is Sold or Transferred," and it obligates the lender to provide a notice of acceleration as a condition precedent for foreclosure under this circumstance. Of course, this situation did not occur here.

¶ 23 Paragraph 27 is titled "Rights of the Lender if There is a Breach of Duty." One breach of duty specifically delineated in paragraph 27 is the failure to make a mortgage payment in full on the day it is due—the breach Reinish committed. The notice-of-acceleration condition found in paragraph 26 does not apply to such a breach. Reinish asks us to disregard the headings for paragraphs 26 and 27 and construe the paragraphs together to find an obligation to provide a notice of acceleration under all the circumstances listed in both paragraphs. Doing so, however, would ignore the plain and ordinary meaning of the terms in the contract and create an obligation that clearly was not intended. For these reasons, were Reinish's notice claim not otherwise forfeited, we would nevertheless find that the trial court properly granted summary judgment for U.S. Bank.

¶ 24 III. CONCLUSION

¶ 25 In sum, when Reinish failed, in her answer, to deny the deemed allegation that U.S. Bank had sent her all proper notices, she forfeited the issue of whether U.S. Bank failed to comply with a condition precedent in the mortgage contract. Forfeiture aside, a plain reading of the mortgage makes clear that a notice of acceleration was not required because Reinish breached her duty to make timely mortgage payments. For those reasons, the trial court's order granting U.S. Bank summary judgment is affirmed.

¶ 26 The judgment of the circuit court of Lake County is affirmed.

¶ 27        Affirmed.